**478** SUPREME COURT OF INDIANA,

Cunningham *et al. v.* The Evansville and Terre Haute Railroad Company.

---

## No. 10,273.

## Cunningham et al. *v.* The Evansville and Terre Haute Railroad Company.

Negligence.—*Railroad.*—*Fire Caused by Locomotive.*—*Measure of Damages.*— Where, by the actionable negligence of a railroad company, fire from its locomotive is communicated to adjoining property, which is thereby consumed, the owner of such property can recover his entire loss from such company without regard to any insurance thereon.

Same.—*Insurance Indemnity no Defence by Railroad Company.*—In such case, the fact that such property at the time of its destruction was insured, and that the insurance companies had paid the owner the amount of the insurance, is not available to the railroad company as a defence.

Practice.—*Harmless Error.*—An error of the trial court in ruling upon demurrers, which runs through the record and is repeated in instructions to the jury, is not a harmless error.

From the Knox Circuit Court.

*W. H. De Wolf, S. N. Chambers, J. E. McDonald, J. M. Butler* and *A. L. Mason,* for appellants.

*A. Iglehart, J. G. Williams, F. W. Viehe, J. E. Iglehart* and *R. G. Evans,* for appellee.

Howk, J.—This is a suit by the appellants, James H. and James A. Cunningham, as plaintiffs, against the appellee, the Evansville and Terre Haute Railroad Company, as sole de-

fendant. The object of the suit was to recover damages for the destruction of the appellants' starch and glucose works by fire, communicated thereto, as alleged, by and through the negligence of the appellee, and without any contributory negligence on the part of the appellants. The complaint of the appellants was in three paragraphs. In the first paragraph, appellants alleged that the appellee negligently failed to keep its engines used on its railroad track adjacent to their works, supplied with suitable spark-arresters, but suffered them to become old, worn out and in bad repair, so that coals of fire escaped from such engines, and, without the appellants' fault, communicated to and destroyed their works.

In the second paragraph of their complaint, appellants alleged, in substance, that appellee negligently overloaded its trains of cars, used on its railroad track adjacent to the appellants' works, so that the engines hauling such trains emitted sparks and coals of fire, which, without appellants' contributory fault, communicated fire to their works, and they were thereby consumed and destroyed.

In the third paragraph of their complaint, appellants alleged, in brief, that by the general negligence of the appellee in the construction, management and use of its engines and trains of cars, sparks and coals of fire were suffered by appellee to escape from its locomotives, whereby appellants' starch and glucose works, without their fault, were set on fire and were burned and destroyed. A schedule of appellants' property, so burned and destroyed, is set out in each of the paragraphs of complaint.

The cause was put at issue and tried by a jury, and a verdict was returned for the appellee, the defendant below. Over the appellants' motion for a new trial, it was adjudged by the court that appellants take nothing by their suit, and that appellee recover its costs.

The first error of which appellants complain here is the overruling of their demurrers to the second, third and fourth paragraphs of appellee's answer.

The answer was in five paragraphs, of which the first was a general denial of the complaint. The basis of each of the second, third, fourth and fifth paragraphs of answer is substantially the same, namely, that the appellants' starch and glucose works were insured against loss or destruction by fire, at the time they were burned, in divers named fire insurance companies, in the aggregate amount of $50,000; and that after their works had been so burned and destroyed, upon proofs of their loss and an adjustment thereof, the appellants had actually received from such insurance companies the aggregate sum of $35,224.09. Upon this basis of facts, the appellee alleged in the second paragraph of its answer, that the insurance money so received by the appellants was more than the value of the property so burned and destroyed, and more than the loss and damage sustained by them; that, by means of such payment of such insurance money, the several insurance companies became and were subrogated to all the rights of the appellants, in and to the property so burned and destroyed, and to all their rights of action for the destruction of such property, and to all the pretended rights which the appellants were seeking to enforce in this action; and so the appellee said that appellants were not the real parties in interest.

Upon the same basis of facts, the appellee alleged in its third paragraph of answer, that after the burning and destruction of their starch and glucose works, the appellants and the several insurance companies mutually settled, appraised and agreed upon the amount of such loss and damage complained of herein, at the sum of $68,375.65, which was a sum greater than the damage suffered; that thereupon the several insurance companies paid, as and for the sum insured upon such property, the aggregate sum of $35,224.09, whereby, all rights of action as to such sum became and were transferred to such insurance companies; and so the appellee said that, as to such sum, appellants could not maintain this action.

In its fourth paragraph of answer, upon the same basis of

facts, the appellee alleged the appellants and the several insurance companies, after the burning and destruction of the starch and glucose works, agreed upon the value of such property and the amount of the loss, which latter was fixed at the highest limit and more than the same really was, to wit, at $68,375.65 ; and that, upon such insurance and damage, the insurance companies paid the appellants the amount insured, to wit, $35.224.09 ; whereby all right of action for the causes stated in the complaint herein became and were transferred to the several insurance companies, and appellants thereby became divested of all right of action for the causes set forth in their complaint.

It will be observed that the appellee has not controverted, in either of these paragraphs of answer, any of the facts stated by the appellants in either paragraph of their complaint, as constituting their cause of action. For the purposes of these paragraphs of answer the appellee concedes that the appellants' property was, without any contributory fault on their part, burned and destroyed by and through the fault and negligence of the appellee, (1) in failing to supply its engines with suitable spark-arresters ; (2) in so overloading its trains of cars that the engines hauling the same emitted sparks and coals of fire ; and (3) in the construction, management and use of its engines and trains, so that sparks and coals of fire were suffered to escape from its locomotives. Making these concessions, the appellee claimed that appellants' action against it for the damages resulting from its negligent destruction of their property (1) was wholly barred by reason of the fact that they had received from certain insurance companies, in which they had insured such property against loss by fire, certain sums of money, amounting in the aggregate to more than the value of their property so burned and destroyed, and to more than the loss or damages sustained by them, and (2) was barred in part as to the amount of the insurance money so received by them for the burning and loss of such property

from such insurance companies, which was slightly in excess of one-half of the appraised and agreed value of the entire property so burned and destroyed.

The paragraphs of appellee's answer, the substance of which we have given, proceed upon the theory that although the appellants' property, without contributory fault on their part, was consumed and destroyed by and through the negligence of the appellee, they can not recover the damages occasioned by such destruction of their property of or from the appellee, if it appear they were indemnified for such damages by contracts of insurance against loss by fire, unless the amount of damages exceed such indemnity, and then only to the extent of such excess; in other words, the appellee claims in its answer, that, to the extent the appellants were indemnified for their damages resulting from the destruction of their property by fire by their contracts of insurance against loss by fire, it, the appellee, is exempt from liability to them for such damages, although the destruction of their property by fire was caused by and through its negligence, without their contributory fault. These positions can not be maintained. The contracts of the appellants for the insurance of their property, with the insurance companies, and their subsequent conduct in relation thereto, are matters in which the appellee, as the wrong-doer, had no concern, and which do not affect the measure of its liability. So the law seems to be uniformly settled elsewhere, and we know of no sufficient reason for adopting a different rule of decision in this State. *Weber* v. *Morris and Essex R. R. Co.,* 35 N. J. Law, 409 (10 Am. R. 253); *Clark* v. *Wilson,* 103 Mass. 219 (4 Am. R. 532); *Hayward* v. *Cain,* 105 Mass. 213; *Perrott* v. *Shearer,* 17 Mich. 47; *Merrick* v. *Brainard,* 38 Barb. 574; *Peoria M. and F. Ins. Co.* v *Frost,* 37 Ill. 333; *Connecticut M. Life Ins. Co.* v. *New York, etc., R. R. Co.,* 25 Conn. 265; *Rockingham Mut. Fire Ins. Co.* v. *Bosher,* 39 Maine, 253; *Carpenter* v. *Eastern Transp. Co.,* 71 N. Y. 574.

The appellants claimed that their property had been con-

sumed and destroyed by and through the actionable negligence of the appellee. In such a case they would be entitled to recover their entire loss from the appellee; and the fact that the insurance companies, in which their property was insured, had paid them the amount of such insurance, we think, did not constitute any defence whatever to the appellants' action. We are of opinion, therefore, that the trial court erred in overruling the appellants' demurrers to the second, third and fourth paragraphs of appellee's answer.

But it is claimed by appellee's counsel that even if the rulings of the court upon the demurrers to these paragraphs of its answer were erroneous, we ought to hold upon the entire record that such errors were harmless and worked no injury to the appellants. We do not think so. The error of the court in these rulings runs through the record, and, after the evidence is all in, is repeated in its instructions to the jury trying the cause. The jury were thus instructed by the court: "You will ascertain from the evidence the aggregate amount of the damage to the property named in the complaint. If such amount does not exceed the sum paid by the insurance companies, as above stated, you will return a verdict for defendant; if it does, you will ascertain the excess, and, having added six per cent. interest on such excess from the date of the fire until now, return a verdict for the plaintiffs for such excess and interest." This instruction, as we have seen, is not the law; but it was a repetition to the jury of the error of the court in its rulings upon the demurrers to the several paragraphs of appellee's answer. It will not do to say, we think, of such a continuing error running through the record, that it is a harmless error. At all events, common fairness seems to require that the appellants should, at least, have an opportunity to try their cause freed from such entangling errors.

In speaking of the claim of the wrong-doer to the benefit of insurance money received by the injured party, a recent writer on the law of damages says: "There can be no abate-

ment of damages on the principal or partial compensation received for the injury, where it comes from a collateral source, wholly independent of the defendant, and is as to him *res inter alios acta.* * * * Nor will proof of money paid to the injured party by an insurer or other third person, by reason of the loss or injury, be admissible to reduce damages in favor of the party by whose fault such injury was done. The payment of such moneys not being procured by the defendant, and they not having been either paid or received to satisfy in whole or in part his liability, he can derive no advantage therefrom in mitigation of damages for which he is liable. As has been said by another, to permit a reduction of damages on such a ground would be to allow the wrong-doer to pay nothing, and take all the benefit of a policy of insurance without paying the premium." 1 Sutherland Damages, p. 242.

The doctrine here declared was recognized, approved and acted upon by this court, in *Sherlock* v. *Alling,* 44 Ind. 184. In that case, a similar defence was interposed to that pleaded by the appellee in the second, third and fourth paragraphs of its answer, in the case in hand. In considering this defence the court there said: " It proposes to use, as a defence to damages resulting from the wrongful act of the defendants, by way of set-off, recoupment, or in mitigation of such damages, pecuniary benefits received by the injured party, to which the defendants had not contributed, and not resulting from, or connected with, the act causing the death—benefits, which it is fair to presume would have been realized at a future day, without the aid of their wrongful act." So, in *Ohio, etc., R. W. Co.* v. *Dickerson,* 59 Ind. 317, it was held by this court that the fact that the salary of a person, injured through the negligence of the defendant, is paid by his employer during the time he is disabled by such injury, can not mitigate the damages such injured party may recover, in an action therefor.

In their exhaustive briefs of this cause, the appellants' learned counsel have ably discussed a number of alleged er-

rors of law occurring at the trial and duly excepted to. But as these errors may not occur again, upon a new trial of this cause, we need not and do not extend this opinion in the consideration and decision of the questions thereby presented.

The judgment is reversed with costs, and the cause is remanded with instructions to sustain the demurrers to the second, third and fourth paragraphs of answer, etc.

NIBLACK, J., expressed no opinion in this case.

Filed June 25, 1885; petition for a rehearing overruled Sept. 23, 1885.