The Lake Erie and Western Railroad Company v. Griffin.

---

No. 1,146.

The Lake Erie and Western Railroad Company v. Griffin.

Pleading.—*Corporate Existence.*—*When Sufficiently Shown.*—Where an action is brought against a defendant implying a corporation, the complaint need not expressly allege that the defendant is a corporation.

Same.—*Railroad.*—*Allowing Fire to Escape from Right of Way.*—*Negligence, General Allegation of.*—In an action for damages against a

railroad company, for allowing fire to escape from its right of way, etc., the complaint is sufficient where it charges negligence in general terms, without alleging the specific acts constituting the negligence; and the same is true as to the freedom of plaintiff from contributory negligence.

RAILROAD.—*Fire Escaping from Right of Way.*—*Insurance Indemnity no Defense.*—Where, by the actionable negligence of a railroad company, fire escapes from its right of way to adjoining property, which is thereby consumed, the owner of such property can recover his entire loss from such company, without regard to the amount of insurance that may have been paid to him thereon.

From the Benton Circuit Court.

*W. E. Hackedorn, T. L. Merrick* and *I. H. Phares,* for appellant.

*D. Fraser* and *W. H. Isham,* for appellee.

DAVIS, J.—This action was brought by appellee against appellant, to recover damages occasioned by the negligent acts of appellant's agents and employes in setting fire upon its track and right of way, and negligently allowing said fire to escape to appellee's premises, destroying his meadow, hay and corn.

Appellant answered by general denial, and also by set-off on account of money paid to appellee by an insurance company. A trial by the court resulted in judgment for appellee.

The errors assigned are:

1. That the court erred in overruling appellant's demurrer to the complaint.

2. That the court erred in sustaining appellee's demurrer to the second paragraph of appellant's answer.

3. That the court erred in overruling appellant's motion for a new trial.

The first objection urged to the complaint is that it fails to charge "that appellant was a railroad corporation owning and operating its railroad at the time the fire was set out." It is alleged in the complaint "that

the defendant is a railroad corporation doing business in the State of Indiana, and owning and operating a railroad through Benton county, and in and through plaintiff's lands adjacent thereto; that on the 20th day of December, 1890, the defendant company, in the operation of its trains and locomotives, carelessly and negligently set fire,'' etc.

The complaint in this respect is sufficient. The objection thereto is not tenable. The averments in relation to the corporate nature of appellant are stronger· than necessary. The rule is that where an action is brought against a defendant in a name implying a corporation, the complaint need not expressly allege that the defendant is a corporation. *Adams Express Co.* v. *Hill,* 43 Ind. 157; *Indianapolis Sun Co.* v. *Horrell,* 53 Ind. 527.

The next objection is that it does not sufficiently aver that appellant negligently suffered or caused the fire to escape from its right of way to appellee's premises. The allegation on this point is ''that said fire also, by the carelessness and negligence of defendant, was allowed to, and did, spread from defendant's right of way to the plaintiff's meadow, and burned,'' etc. A complaint is sufficient, in such case, to withstand a demurrer, where it charges negligence in general terms without alleging the specific acts constituting the negligence. *Ohio, etc., R. W. Co.* v. *Craycraft,* 5 Ind. App. 335.

The further objection is made that the complaint fails to aver that the loss resulted without the negligence of the plaintiff. The general allegation is made that the plaintiff was ''without any fault, blame or negligence.'' This was sufficient. *Chicago, etc., R. R. Co.* v. *Barnes,* 2 Ind. App. 213.

It is next insisted that the court erred in sustaining appellee's demurrer to the second paragraph of answer.

The rule is well settled that where, by the actionable negligence of a railroad company, fire escapes from its right of way to adjoining property, which is thereby consumed, the owner of such property can recover his entire loss from such company without regard to the amount of insurance he may have been paid thereon. *Cunningham* v. *Evansville, etc., R. R. Co.,* 102 Ind. 478.

The answer was not good, either as a set-off or defense in bar or mitigation.

The only remainining error that has been discussed by counsel is that the damages assessed are excessive "in view of the fact that appellee has already received one hundred and fifty dollars from the insurance company for the same loss."

On the authority cited *supra,* we are constrained to hold against appellant on this question.

There is no error in the record.

Judgment affirmed, at costs of appellant.

Filed Nov. 9, 1893.