## BOOKER ET AL. *v.* KILLION.

[No. 4,169.   Filed May 27, 1902.]

APPEAL AND ERROR.—*Joint Assignment of Error.—Exceptions to Conclusions of Law.*—A joint assignment on appeal by four defendants that the court erred in its conclusions of law upon the facts found can not be considered where only two of the defendants excepted to the conclusions of law.

From Daviess Circuit Court; *J. T. Rodgers*, Special Judge.

Action by Alexander Killion against Owen O. Booker and others in ejectment and to recover possession of real estate. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*J. H. O'Neall* and *W. F. Hoffman*, for appellants.
*A. J. Padgett* and *J. A. Padgett*, for appellee.

COMSTOCK, J.—Appellee brought this action in ejectment against appellants and Rankin and Rankin to recover possession of certain real estate described in the complaint. Appellants answered by general denial. Rankin and Rankin filed a disclaimer. The court made, upon proper request, a special finding of facts, stated conclusions of law thereon, and rendered judgment in favor of appellee and against appellants for the possession of the land and for one cent damages.

Upon this appeal the error assigned is that the court erred in its conclusions of law upon the facts found. Ap-

pellee, before discussing appellant's brief, moved to dismiss the appeal. This motion is based upon the following facts disclosed by the record: At the time the court announced its findings of facts and conclusions of law only two of the appellants, Owen Booker and Benjamin Feney, excepted to the conclusions of law. The other appellants did not at any time except. The assignment of error is joint by the four appellants.

It is settled law in this State that in ordinary adversary proceedings, in order to save any question for review in an appellate court, not only must the exceptions be taken at the time the decision is made, but that they can not be taken after that time. *Wabash R. Co.* v. *Dykeman,* 133 Ind. 56, 63, and cases cited; *Smith* v. *McKean,* 99 Ind. 101; *Kolle* v. *Foltz,* 74 Ind. 54; *Johnson* v. *Bell,* 10 Ind. 363; *Coan* v. *Grimes,* 63 Ind. 21; *Dickson* v. *Lambert,* 98 Ind. 487; *Cincinnati, etc., R. Co.* v. *Leviston,* 97 Ind. 488; *Matsinger* v. *Fort,* 118 Ind. 107; *Midland R. Co.* v. *Dickason,* 130 Ind. 164; *Brown* v. *Ohio, etc., R. Co.,* 135 Ind. 587; *Barner* v. *Bayless,* 134 Ind. 600.

It is also the established rule that a joint assignment of errors must be good as to all of the appellants who join in it, or it will be good as to none. *Carr* v. *Carr,* 137 Ind. 232, 234; *Medical College, etc.,* v. *Commingore,* 140 Ind. 296; *Goss* v. *Wallace,* 140 Ind. 541; *Armstrong* v. *Dunn,* 143 Ind. 433; *Earhart* v. *Farmers Creamery,* 148 Ind. 79; *Hubbard* v. *Bell,* 4 Ind. App. 180; *Cannelton, etc., Co.* v. *Burkett,* 13 Ind. App. 277; *Kempf* v. *Union, etc., Assn.,* 13 Ind. App. 570; *Killian* v. *State, ex rel.,* 15 Ind. App. 261; *Shick* v. *Citizens, etc., Co.,* 15 Ind. App. 329, 57 Am. St. 230; *Supreme Council, etc.,* v. *Boyle,* 15 Ind. App. 342; *Board, etc.,* v. *Fraser,* 19 Ind. App. 520; *Sweeney Co.* v. *Fry,* 151 Ind. 178, and authorities cited.

Appellants, Booker and Runnels, not having excepted to the conclusions of law, have no right to complain. The

assignment of error is not, therefore, good as to either of the appellants.

The judgment must be affirmed without a consideration of the merits of the controversy.