Bush v. McBride.

## Bush et al. v. McBride.

159   663
f166   143

[No. 20,015.   Filed January 13, 1903.]

APPEAL AND ERROR.—*Joint Assignment of Errors.*—A joint assignment of error based upon the action of the court in overruling a demurrer to a complaint is not available where the complaint was good as to some of the appellants joining in the assignment of errors.

From Clinton Circuit Court; *J. V. Kent*, Judge.

Action by William T. McBride against William H. Bush and others on a promissory note. From a judgment for plaintiff, defendants appeal. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*Joseph Claybaugh* and *N. P. Claybaugh*, for appellants.
*Joseph Combs*, for appellee.

MONKS, J.—Appellee brought this action to recover judgment on a promissory note executed by appellant William H. Bush, and to foreclose a mortgage on real estate executed by Bush and wife to secure said promissory note. Appellant Nathan Miller who had possession of a part of the real estate described in said mortgage as receiver, and who was sued by permission of the court in which he was appointed, was made a defendant to said action. Bush and wife and said receiver each filed a demurrer for want of facts to the complaint, which was overruled. Said appellants refusing

to plead over, judgment was rendered foreclosing said mortgage against all of them and against said Bush on said promissory ·note.

Appellants Bush and wife, and Miller, receiver, jointly assign for error "that the court erred in overruling the demurrer to the complaint."

It is insisted by said appellants that the complaint was not sufficient to entitle appellee to a foreclosure of said mortgage. It is clear, however, that the allegations of the complaint were sufficient to entitle appellee to recover judgment against William H. Bush on the note sued upon. As said joint assignment of errors is not good as to all the appellants joining therein, it is not available. Ewbank's Manual, §138, and cases cited; *Green* v. *Heaston,* 154 Ind. 127, 130, and cases cited; *Doty* v. *Patterson,* 155 Ind. 60, 61; *Sheeks* v. *State, ex rel.,* 156 Ind. 508, 509, and cases cited; *M. A. Sweeney Co.* v. *Fry,* 151 Ind. 178, 181.

Finding no available error in the record, the judgment is affirmed.