PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* BAUGHN.

[No. 9,808. Filed June 3, 1919.]

1. PLEADING.—*Demurrer to Complaint.—Waiver of Objections.— Failure to Point Out in Memorandum.*—Under §344, cl. 6, Burns 1914, Acts 1911 p. 415, relating to procedure in civil cases, objections to the sufficiency of the complaint not stated in the memorandum accompanying the demurrer are waived. p. 334.

2. PLEADING.—*Demurrer to Complaint.—Memorandum.—Sufficiency.* —An objection to the sufficiency of the complaint, set out in the memorandum accompanying the demurrer, "that no facts are alleged to show or showing the defendant guilty of actionable negligence," is too general and indefinite to present any question. p. 335.

From Randolph Circuit Court; *Theodore Shockney,* Judge.

Action by William J. Baughn against the Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*G. E. Ross,* for appellant.

*Macey, Nichols & Bales* and *Charles E. Schwartz,* for appellee.

McMAHAN, J.—The appellee brought this action to recover the value of a mare which it is alleged was struck and killed by one of appellant's locomotives by reason of the negligence of appellant in failing to fence securely its right of way.

The complaint alleged that appellant operated and controlled a certain railway in Randolph county, Indiana, and that it failed and neglected to construct and maintain a proper fence to restrain horses and cattle from straying on its right of way; that a mare owned by appellee, by reason of the failure of appellant to fence its right of way, strayed upon appellant's right of way at a place where it was not fenced, and that appellant negligently ran a locomotive and train of cars against said mare, killing the same, all of which was without appellee's fault.

Appellant filed a demurrer to the complaint for want of facts, which was overruled and exceptions saved. Answer of general denial was filed, and a trial by jury resulted in a verdict and judgment for appellee. Appellant filed a motion for a new trial for the reasons that the verdict is not sustained by sufficient evidence, is contrary to law, and for the giving of certain instructions.

Appellant contends that the complaint is bad, and that the demurrer to it should have been sustained because it is not alleged: (1) That the appellant owned or operated the locomotive and train of cars which it is alleged ran against and killed the mare; (2) that it is not alleged that the servants of appellant who ran the locomotive and train were at the time in appellant's employ; (3) that it is not alleged that the mare which was killed entered upon appellant's right of way in Randolph county where the fence was insufficient; and (4) that it is not alleged that the mare was killed in Randolph county. None of these objections to the complaint were stated

1. in the memorandum which was filed with the demurrer and by virtue of §344, cl. 6, Burns

1914, Acts 1911 p. 415, are waived. The first objection to the complaint set out in the memorandum filed with the demurrer is that: "No facts are alleged to show or showing the defendant guilty of actionable negligence." This is too general and indefinite to present any question. The purpose of requiring the demurring party to file a memorandum stating wherein the pleading is insufficient for want of facts is so that the trial court will have the particular objection in mind and act advisedly when ruling upon the demurrer. The day of filing a general demurrer to a pleading is a thing of the past in Indiana, and the filing of a memorandum which is as vague and indefinite as the general demurrer avails nothing. We know of no good reason why a party filing a demurrer to a pleading should not be as specific in pointing out the objections to the trial court as is done on appeal. We see no objection to the complaint. The demurrer was properly overruled.

Appellant contends that the verdict is not sustained by sufficient evidence in the following particulars: That there is no evidence: (1) That said mare was struck by, or came in contact with, a locomotive or car on appellant's railroad; (2) that said mare was struck or killed in Randolph county, Indiana; (3) that said mare was struck by, or came in contact with, a locomotive or car owned or operated by appellant; (4) that said mare was negligently run against and killed by a locomotive and train of cars operated and managed by the servants and agents of said defendant.

We have examined the evidence and find that there is evidence on every material allegation of the complaint sufficient to sustain the verdict.

Complaint is made of the first, second, third and seventh instructions given by the court to the jury.

By instruction No. 1 the court informed the jury as to the nature of the complaint and answer, and that the appellee had the burden of proving every material allegation of the complaint by a fair preponderance of the evidence. By instruction No. 2 the court correctly instructed the jury as to the law requiring railroads to fence their right of way. Instruction No. 3 informed the jury that, while appellee must prove his case by a preponderance of the evidence, that proof need not be by direct evidence of persons who saw the occurrence sought to be proved and that facts might be proved by circumstantial evidence. By instruction No. 7 the jury was instructed as to the duty of a railroad to construct fences and to keep them in repair.

Each of the instructions were applicable to the issues, were correct as to form, and there was no error in the giving of any of them. The motion for a new trial was properly overruled.

Judgment affirmed.

Nichols, P. J., not participating.