CITY OF HUNTINGBURG ET AL. *v.* STATE OF INDIANA, EX REL. OLINGER.

[No. 11,935.    Filed November 13, 1924.]

1. PLEADING.—*Plea in abatement held to be in bar, and demurrer thereto properly sustained.*—In an action for damages against a municipal corporation, where a plea in abatement filed by the municipality undertook to set up all the proceedings before the council concerning the improvements involved, including plaintiff's claim for extra work and the action of the council in denying the claim, being an attempt to plead former adjudication, *held* the plea was in bar and a demurrer to the plea was properly sustained.    p. 163.

2. APPEAL.—*Assignment of error by joint defendants not good when ruling affects but one.*—An assignment of error that the court erred in overruling the *defendants'* demurrer to an amended paragraph of complaint, which was against a city alone and sought no relief from any of the other defendants, is joint, and the appellate tribunal is precluded from discussing the demurrer on its merits.    p. 164.

3. APPEAL.—*Joint assignment of error must be good as to all that join therein.*—A joint assignment of error must be good as to all that join in it or it is not good as to any.    p. 164.

From Spencer Circuit Court; *Fred A. Heuring,* Judge.

*A. L. Gray,* for appellants.

*Leo H. Fisher,* for appellee.

NICHOLS, P. J.—Action by appellee against appellants.

The complaint is in two paragraphs. The first paragraph is for a mandate against the appellant city and also against its mayor and five members of its common council, individually. The amended second paragraph is in tort against the city alone.

The city (appellant) filed its separate plea in abatement to both paragraphs of complaint to which appellee's demurrer for want of facts was sustained. Appellants then filed their separate and several demurrers for want of facts to the first paragraph of complaint, and a similar demurrer to the second paragraph. The court sustained appellants' demurrer to the first paragraph of complaint, and overruled the demurrer to the amended second paragraph; the city elected to stand upon the sufficiency of its demurrer, refused to plead further, and thereupon the court rendered judgment for $1,532.98 damages against the city upon said amended second paragraph of complaint.

The plea in abatement undertakes to set up all of the proceedings before the council concerning the improvement involved including appellee's claim 1. for extra work which he was required to do because of the mistake as averred in the complaint, and the action of the common council in denying the claim. The averments of the plea are clearly in bar rather than in abatement and the demurrer to such plea was properly sustained. It was without force as a plea in abatement. The most that can be said for the answer is that it was an attempt to plead former adjudication and, as such, it must be in bar. 1 Watson, Revision Work's Practice §618.

The amended second paragraph of complaint is against the city alone and seeks no relief from any of the other appellants. Appellants' assignment of error

is joint, the second specification thereof being
2, 3. that the court erred in overruling appellants'
demurrer to the second paragraph of complaint.
Such joint assignment must be good to all that join in
it or it is not good as to any. *Denkewalter* v. *Wilson*
(1906), 39 Ind. App. 289, 78 N. E. 1049; *Booker* v.
*Killion* (1902), 29 Ind. App. 196, 197, 64 N. E. 101;
4 Watson, Revision Works' Practice 1715, note 4,
and authorities; *Bush* v. *McBride* (1903), 159 Ind. 663,
65 N. E. 1026.

We are therefore precluded from discussing the de-
murrer on its merits.

The judgment is affirmed.