STATE EX REL. GIBSON ET AL. *v.* BOARD OF COMMISSIONERS OF ADAMS COUNTY ET AL.

[No. 27,936. Filed March 7, 1944.]

*Roscoe D. Wheat,* of Portland, and *DeVoss & DeVoss,* of Decatur, for appellants.

*Frank W. Gordon,* of Bluffton, and *Ferd L. Litterer,* of Decatur, for appellees.

SHAKE, J.—A review of the action of the trial court in overruling the appellants' demurrer to the appellees' plea in abatement will dispose of this appeal.

By their complaint the appellants sought to mandate the appellees as county officers to perform certain acts alleged to be required of them by statute. Appellees answered with a plea in abatement, alleging that the cause of action charged in the complaint had previously been adjudicated against the appellants by the final judgment of a court of competent jurisdiction duly entered in an action between the same parties and involving the same issues. The appellants demurred to the plea for want of facts, assigning in the accompanying memorandum, among other things, that "the so-called plea in abatement is in fact an answer of former adjudication or in bar."

The appellees do not undertake to defend their plea in abatement. They say, merely, that the memorandum to the demurrer was insufficient to present any question. We cannot agree with this contention. Reading the demurrer and that part of the memorandum quoted above together, we have, in effect, this proposition: The plea in abatement does not state facts sufficient to abate the action *because* said plea is, in fact, an answer in bar. This is clearly sufficient to meet the requirements of the statute. § 2-1007, Burns' 1933, § 111, Baldwin's 1934.

The memorandum is not comparable to that in the case of *Pittsburgh, etc., R. Co.* v. *Baughn* (1919), 70 Ind. App. 333, 123 N. E. 422, in which it was held that a memorandum reading: "No facts are alleged to show or showing the defendant guilty of actionable negligence," was too general and indefinite to present any question; or to the one reciting that, "The allegations of said several paragraphs of complaint show that plain-

tiff's action herein is premotely brought," which was held insufficient in *Locomotive Engineers', etc., Assn.* v. *Higgs* (1923), 79 Ind. App. 427, 135 N. E. 353.

A plea in abatement is one which shows some reason for abating or defeating the pending action, but does not undertake to state a defense thereto. Such a plea is in the nature of an admission that the plaintiff may have a cause of action but asserts that he cannot maintain it at the present time, in the present form, or in the court in which it has been brought. It will not, if sustained, prevent the plaintiff from recommencing his action at the proper time or in the proper way or court. 1 Watson's Works Practice, § 546. The statute prohibits the filing of a plea in abatement with or after a plea in bar. § 2-1034, Burns' 1933, § 138, Baldwin's 1934. Of necessity, then, matters in bar of the plaintiff's right of action are not properly assignable by way of a plea in abatement.

On the other hand, an answer of former adjudication, or *res judicata*, as it is usually called, is a plea in bar. "Under it a cause of action finally determined between the parties on the merits by a court of competent jurisdiction, cannot again be litigated by new proceedings before the same or any other tribunal, except by way of review according to law." *Town of Flora* v. *Indiana Service Corp.* (1944), No. 27,895, *ante* p. 253, 53 N. E. (2d) 161, decided at the present term.

The distinction between the function of a plea in abatement and that of a plea in bar was noted in *Swing* v. *Toner* (1912), 178 Ind. 102, 105, 96 N. E. 946, where Chitty on Pleading was quoted with approval as follows:

"Whenever the subject-matter of the plea or defence is that the plaintiff cannot maintain an

action at any time whether present or future in respect of the supposed cause of action, it may, and usually must be pleaded in bar; but matter which merely defeats the present proceeding, and does not show that the plaintiff is forever concluded, should in general be pleaded in abatement."

In *Harvey* v. *The State, ex rel. Town of Monticello* (1883), 94 Ind. 159, 160, this court said:

"It is quite clear that it was not proper to plead the judgment as matter in abatement, for, if the judgment pleaded constituted any defence at all, it was in bar, and not in abatement. A judgment is properly pleaded in bar, for, if binding upon the parties, it does much more than abate the pending action; it puts an end to the controversy."

And, in *City of Huntington* v. *State, ex rel. Olinger* (1924), 82 Ind. App. 162, 163, 145 N. E. 443, it was held that a demurrer to a plea in abatement which set up a defense in bar was properly sustained. The court said:

"The averments of the plea are clearly in bar rather than in abatement and the demurrer to such plea was properly sustained. It was without force as a plea in abatement. The most that can be said for the answer is that it was an attempt to plead former adjudication and, as such, it must be in bar."

We must conclude that the court below erred in overruling the demurrer to the plea in abatement. It is unnecessary to notice other alleged errors.

Reversed, with directions to sustain the appellants' demurrer to the appellees' plea in abatement, and for further proceedings.

NOTE.—Reported in 53 N. E. (2d) 347.