POWERS, ET AL. *v.* ELLIS

[No. 28,985. Filed October 9, 1952. Rehearing denied November 12, 1952.]

274

*Parr, Parr & Parr,* of Lebanon, for appellants.

*Raymond O. Evans,* of Crawfordsville and *Scifres & Hollingsworth* of Lebanon for appellees.

GILKISON, J.—This action was brought by the appellee to recover damages alleged to have been sustained when appellant's truck, moving at a negligent speed, struck and damaged appellee's fruit and grocery market and the building in which it was located in Crawfords-

ville. Trial by the court resulted in a finding and judgment for appellee. A motion for new trial timely filed was overruled and the appeal was taken.

Assigned errors are that the trial court erred in sustaining a demurrer to appellants' plea in abatement; that the trial court erred in sustaining a motion to strike out interrogatories filed by appellant; that the trial court erred in overruling appellants' motion to make appellee's insurance company a party; that the trial court erred in sustaining a demurrer to the second paragraph of answer; and that the trial court erred in overruling appellants' motion for new trial.

The plea in abatement avers that defendants believe plaintiff had the damaged property insured, and that all or part of the loss sustained has been paid by the insurer who is unknown to the plaintiff. That defendants believe that plaintiff has assigned or in some manner subrogated all or part of his rights against defendants to the insurers. That because of their belief in such facts, of which they have been informed, they state as true that plaintiff is not the sole party in interest and that the possible insurers are necessary parties. That they are filing with the plea in abatement their interrogatories with request for answers to make the facts thus referred to more fully appear.

The record shows the complaint was filed on April 13, 1948. Summons was issued and served on defendants on that date.

At succeeding terms of court much record was made in the cause, and on May 6, 1949, Parr & Parr, attorneys filed their written appearance for the defendant, Powers.

On October 20, 1949 defendants filed the plea in abatement before noted, together with twenty-nine interrogatories which plaintiff was ordered to answer

by November 12, 1949. A general demurrer was filed to this plea on October 27, 1949. On November 21, 1949, plaintiff filed a motion to strike out the interrogatories, which was sustained on December 13, 1949. The demurrer to the plea in abatement was sustained on the same date and in the same order.

On February 17, 1950, defendants filed a motion to make Security Fire Insurance Company of Iowa a party, which motion was overruled.

On May 22, 1950 defendants filed answer to the complaint, under Rule 1-3. On June 19, 1950 defendants filed a second paragraph of answer to the complaint which embraces the same matters as contained in the plea in abatement heretofore noted to which defendants filed a demurrer which was sustained.

A plea in abatement is one which, without disputing the justice of plaintiff's claim, objects to the place, mode or time of asserting it; it allows plaintiff to renew his suit in another place or form, or at another time, and does not assume to answer the action on its merits, or deny the existence of the particular cause of action on which plaintiff relies. Black's Law Dictionary (3rd Ed.) p. 1366. Bouvier's Law Dictionary (Rawle's 3rd Ed.), Vol. 1, page 6; Vol. 3, page 2599. *State ex rel. Gibson et al.* v. *Board of Comms. of Adams County* (1944), 222 Ind. 284, 287, 288, 53 N. E. 2d 347, supra, and other authorities there cited.

"Answers in abatement are not favored, and therefore the utmost fullness and particularity of statement, as well as the highest attainable accuracy and precision, are required, leaving nothing to be supplied by intendment or construction, and they must anticipate and exclude all such supposable matter as would, if alleged by the opposite party, defeat the plea. And a plea in abatement must not only point out the plaintiff's error, but

must show him how it may be corrected, and point out how he may avoid the same mistake in another suit on the same cause of action. There are no presumptions in favor of a plea in abatement, and nothing can be supplied by intendment or construction."

1 Watson's Rev. Works' Practice & Forms, §558, p. 413. See also 1 Gavit's Indiana Pleading and Practice, Cl. (d), §140, p. 657; Flanagan's Indiana Pleading and Procedure, §109, p. 166, §111, p. 169; 1 C. J. S. *Abatement*, §3, p. 30; *State ex rel. Dept. of Fin. Ins.* v. *Sonntag* (1935), 101 Ind. App. 557, 565, 195 N. E. 601.

There are no positive averments in the plea in abatement in this case. There is pleaded only a belief of the pleader. If the "belief" of the pleader as alleged were averred as positive facts, they would not be sufficient to abate the action. On the contrary they present matters tending in bar or in partial bar to the action. No error was committed in sustaining the demurrer to this plea. *State ex rel. Gibson et al.* v. *Board of Commissioners of Adams County* (1944), 222 Ind. 284, 287, 53 N. E. 2d 347. *Morningstar* v. *Cunningham* (1887), 110 Ind. 328, 330, 11 N. E. 593, 59 Am. Rep. 211. *State ex rel. Ruhlman* v. *Ruhlman, Executrix et al.* (1887), 111 Ind. 17, 19, 11 N. E. 793. *Bostwick et al.* v. *Bryant* (1888), 113 Ind. 448, 460, 16 N. E. 378. *John A. Boyd Motor Co.* v. *Claffey* (1929), 94 Ind. App. 492, 496, 165 N. E. 255.

Since the interrogatories were filed with this defective plea in abatement and not with the answer in bar or other pleadings, it was not error to strike them out on motion of the plaintiff. They would necessarily have gone out anyway with the plea in abatement when plaintiff's demurrer was sustained.

Moreover, we do not believe the defendants were entitled to have plaintiff answer the interrogatories

under the issues joined in this action. It is true that an insurer, who has paid a loss agreeable with its insurance contract, may be subrogated either by contract or by equity to the rights of the insured for the amount so paid, against the tort-feasor who caused the loss, and is therefore a proper party plaintiff in an action to recover for the loss. *Pittsburgh Etc. R. Co.* v. *Home Ins. Co.* (1915), 183 Ind. 355, 361 and cases cited, page 362. But in no event could the tort feasor be subrogated to the rights of the insured and be relieved of the payment of the damages caused by the tort, to the extent of the insurance payment received by the insured. There can be no abatement of damages on the principle of partial compensation received for the injury when it comes from a collateral source independent of the one primarily responsible for the loss. *Pittsburgh Etc. R. Co.* v. *Home Ins. Co.* supra, and cases there cited pp. 362, 364, 365, 367.

A tort-feasor is without interest, and has no concern in an insurance contract owned by the injured party under which such party is entitled to indemnity for damages sustained from the tort. *Cunningham et al* v. *The Evansville and Terre Haute R. R. Co.* (1885), 102 Ind. 478, 482 and citations, 1 N. E. 800. *Sherlock et al.* v. *Alling Admr.* (1873), 44 Ind. 184, 199. *Williamson* v. *Purity Bakeries of Indiana, Inc.* (1935), 101 Ind. App. 441, 193 N. E. 717. *The Lake Erie and Western Railroad Company* v. *Griffin* (1893), 8 Ind. App. 47, 50, 35 N. E. 396. *United States Casualty Co.* v. *Bagley* (1901), 129 Mich. 70, 72, 87 N. W. 1044, 95 Am. St. Rep. 424. *Peter* v. *Chicago etc. R. R. Co.* (1899), 121 Mich. 324, 330, 80 N. W. 295, 80 Am. St. Rep. 500.

The only matter in which the wrongdoer is concerned is that he is not denied any just set-off or counterclaim,

and that he is protected when he has paid off the claim or judgment. *Williamson* v. *Purity Bakeries of Indiana, Inc.,* supra, pp. 447, 448 and authorities there cited. *Mullins* v. *Bolinger* (1944), 115 Ind. App. 167, 171, 55 N. E. 2d 381, 56 N. E. 2d 496. *St. James Co.* v. *Security Trust Etc. Co.* (1903), 81 N. Y. Supp. 739, 741. Affirmed 178 N. Y. 560, 70 N. E. 1108.

It has been held by our courts that an answer by a wrongdoer averring that the plaintiff in an action ex delicto received insurance indemnity covering a part or all of the loss sustained is not good either as a set-off, in bar, or in mitigation. *The Lake Erie and Western Railroad Company* v. *Griffin,* supra, at page 50, 35 N. E. 396, 52 Am. St. Rep. 465. The general rule is that where the loss exceeds the amount of insurance paid, the insured may sue in his own name and recover the full amount of the loss, the question of the distribution of the proceeds being a matter between the insured and the insurer only. 46 C. J. S. *Insurance,* §1209, pp. 152, 172 (c). 29 Am. Jur. *Insurance,* §1344, pp. 1005, 1006. *Mullins* v. *Bolinger* (1944), 115 Ind. App. 167, 171, supra, and cases cited. *Illinois C. R. Co.* v. *Hicklin* (1909), 131 Ky. 624, 628, 115 S. W. 752, 23 L. R. A. 870. *Manley* v. *Park* (1904), 68 Kan. 400, 401, 66 L. R. A. 967.

Therefore, no error was committed in sustaining the demurrer to the second paragraph of answer. It was not error to sustain objections to the several questions on cross-examination propounded to plaintiff and his witnesses concerning the insurance. For many additional authorities see "Case Note" 23 L. R. A. 870, and Anno. 81 A. L. R. p. 320.

But appellants contend that even though they are not concerned as to the manner in which the judgment

recovered is divided between appellee and his insurer, they are concerned as to whether the appellee is the real party in interest in the case as required by §2-201 Burns' 1946 Replacement.

As before noted it has been held in this state that this statute was enacted to protect a defendant from being again harassed from the same cause. But if he is not denied any just set-off or counter-claim against the demand, and a judgment for the party suing will fully protect him when discharged, then his concern is at an end. This is the test as to whether such a defense is properly interposed, and as to whether the plaintiff is the real party in interest. *Williamson* v. *Purity Bakeries of Ind., Inc.* (1935), 101 Ind. App. 441, 447, supra. *Sturgis* v. *Baker* (1903), 43 Ore. 236, 241, 72 Pac. 744. *Giselman* v. *Starr* (1895), 106 Cal. 651, 657, 40 Pac. 8.

There can be no doubt that the judgment rendered in this case, when discharged, will fully release appellant from further liability to anyone, because of the tort complained of. In so far as the case of *John A. Boyd Motor Co.* v. *Claffey* (1929), 94 Ind. App. 492, supra, is in conflict with this opinion, it is disapproved.

Plaintiff sued to recover $7500.00. He had received $1500.00 from his insurer. The evidence indicates that his property destroyed, had a value of $5897.23, and in addition there was a loss of time, and salvage expenses. His judgment was for $4817.81. He was entitled to recover full value of the property destroyed without deducting the insurance received. The court did not err in overruling the motion for new trial.

Finding no error the judgment is affirmed.

NOTE.—Reported in 108 N. E. 2d 132.