MARION TRUST COMPANY, EXECUTOR, ET AL. *v.* ROBINSON.

[No. 22,562. Filed November 3, 1915. Rehearing denied January 14, 1916.]

1. APPEAL.—*Review.*—*Instructions.*—*Invited Error.*—Alleged error in the giving of a certain instruction is unavailable where it appears that appellant requested the court to give another instruction embodying the same principle and thus invited the error. p. 292.
2. APPEAL.—*Review.*—*Verdict.*—*Evidence.*—In a will contest, where it was contended that plaintiff was estopped by reason of having accepted benefits under the will by living in a house, the free use of which was given to her by the will, evidence showing that plaintiff moved into the house during testator's lifetime pursuant to a contract with him and continued in the occupancy pursuant thereto, etc., afforded evidence to sustain the verdict for plaintiff as to that issue, and there being also evidence to support it as to the issue of testator's testamentary capacity, the verdict was conclusive. p. 292.

From Boone Circuit Court; *Willett H. Parr,* Judge.

Action by Florence Robinson against the Marion Trust Company, executor of the last will and testament of William E. Mick, deceased, and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*James W. Noel* and *Samuel Ashby,* for appellants.
*White & Jones, Charles F. Remy, James M. Berryhill* and *Ray M. Adney,* for appellee.

LAIRY, J.—The will of William E. Mick was probated in the Marion Probate Court, May 9, 1912. This action was brought by appellee, a daughter of the testator, to set aside the will on the ground of unsoundness of mind of the testator at the time the instrument was executed. One of appellants filed special answers to appellee's complaint alleging that appellee had accepted benefits under the will and that she had affirmed and ratified the same to which answers appellee addressed an affirmative reply. The issues being properly formed a trial was had by jury and a verdict returned in favor of appellee with judgment accordingly.

Appellants assign as error the action of the trial court in overruling their separate motions for a new trial. As one of the grounds for such 1. motion, appellants contend that the court erred in giving to the jury instruction No. 26. This instruction need not be set out or its validity considered, for the reason that if there was error therein, it was invited by appellants. A party has no right to complain of an instruction given where such party himself requested the court to give another instruction which embodied the same legal principle. By tendering instructions Nos. 1, 3 and 22, appellants have brought themselves within the rule stated. *Orient Ins. Co. v. Kaptur* (1911), 176 Ind. 308, 95 N. E. 230; *Gordon v. Kaufman* (1909), 44 Ind. App. 603, 89 N. E. 898.

Further causes assigned for a new trial were that the verdict of the jury was not sustained by the evidence and was contrary to law. Under 2. the issues raised by the paragraphs of answer referred to it is contended that appellee was precluded and estopped from contesting the will in suit for the reason that she had accepted benefits under the will and had elected to stand by its valid-

ity. A certain item of the will gave to appellee the free use of a house at Broad Ripple during her life with directions to the trustee to keep the same insured and in repair. Evidence was introduced tending to prove that after the death of the testator appellee occupied the house in question and that the trustee had made some repairs thereon. There was also evidence to the effect that after this suit was filed, appellee commenced an action in the Marion Probate Court to have construed a certain item of the will which devised the entire estate, after the expiration of the life estates, to a trustee for certain purposes, which suit was voluntarily dismissed before the trial of the case at bar. Appellants do not claim that this suit to construe of itself is a bar to the contest of the will, but their contention is that the filing of this suit by appellee while enjoying a bequest under the will, and claiming the performance of certain duties from the executor and trustee are circumstances which taken together amount to an estoppel. On this issue evidence introduced by appellee was to the effect that just prior to February, 1911, testator had entered into a contract with appellee under the terms of which the latter was to remove to Indianapolis that testator might have the pleasure of her society, and he was to build for her a house in which to live and to make her a deed for the same; that testator erected the house according to the agreement; that the house so built is the one referred to in the will; and that appellee commenced to occupy the house in question under the terms of the contract before the testator's death and that she still continues so to do. There was also evidence that appellee had no knowledge that the repairs made on the property were at the instance of the trustee under the will.

The issue under discussion was one of fact. The

same may be said as to the issue of testamentary capacity of the testator. Under both issues there was some evidence to sustain the verdict and appellants' contention that the court erred. in refusing to grant a new trial on the evidence is unavailing.

In view of the conclusion reached other errors assigned need not be discussed. The record discloses no reversible error. Judgment affirmed.

NOTE.—Reported in 110 N. E. 65. As to who may contest will, see 130 Am. St. 186. As to acceptance of benefit under a will as affecting right to attack its validity, see 3 Ann. Cas. 525. See, also, under (1) 3 Cyc 248; (2) 3 Cyc 348.