GARY AND INTERURBAN RAILROAD COMPANY v. GUNN.

[No. 22,956. Filed January 25, 1916.]

PLEADING.—*Complaint.*—*Demurrer.*—*Waiver of Defect.*—An alleged defect in a complaint is waived by failure to specify it in the memorandum of defects required to be filed with a demurrer for want of sufficient facts.

From Lake Superior Court; *Johannes Kopelke,* Judge.

Action by Fanny Gunn against the Gary and Interurban Railroad Company. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Affirmed.*

*F. N. Gavit* and *John C. Hall,* for appellant.

*Jos. T. Wachowski* and *Wm. H. Mathew,* for appellee.

MORRIS, C. J.—Appellee recovered judgment against appellant for $100 for personal injuries, sustained, as alleged, because of appellant's negligence in suddenly starting a street car from which appellee was in the act of alighting. The only error assigned is the overruling of appellant's demurrer to the complaint. It is contended that the complaint fails to allege that the alighting was at the destination for which she paid her fare, or at any customary stopping place, or that appellant knew she was in the act of alighting when injured. The alleged defect, is not "specified" in appellant's memorandum to its demurrer, and consequently consideration of the point has been waived. Acts 1911 p. 415, §§344, 348 Burns 1914. Appellant seeks to present some other questions, but they are without merit. Judgment affirmed with ten per cent damages.

NOTE.—Reported in 111 N. E. 183. See, also, 31 Cyc Anno. 312.