## JACKSON, RECEIVER, *v.* RUTLEDGE.

[No. 23,228. Filed March 27, 1919. Rehearing denied June 27, 1919.]

1. APPEAL.—*Assignment of Error.—Sufficiency of Complaint.*— Where a complaint was not challenged by demurrer for insufficiency of facts, it may not be challenged on appeal on such ground by independent assignment of error, in view of §344 Burns 1914, Acts 1911 p. 415.  p. 420.

2. NEGLIGENCE.—*Contributory Negligence.—Proof.—Rule Under Federal Employers'. Liability Act.*—In an action under the federal Employers' Liability Act by a conductor of a train for personal injuries suffered in a collision, it is only after negligence on the part of the defendant is shown that it becomes material to determine the question of the plaintiff's contributory negligence, which under the act can only diminish the damages recoverable.  p. 420.

3.  MASTER AND SERVANT.—*Injuries to Conductor.*—*Negligence.*—*Sufficiency of Evidence.*—*Verdict.*—In an action under the federal Employers' Liability Act for injuries sustained by the plaintiff conductor as a result of a collision, the evidence is reviewed and held sufficient to support a verdict for the plaintiff on the issue of the defendant's negligence, in view of the rule that the verdict, as against the objection that it is wholly unsupported by evidence, must stand on appeal unless the court finds that the evidence most favorable to the plaintiff appellee is such that no reasonable inference of the negligence charged can be drawn therefrom.   p. 421.

4.  APPEAL.—*Weight of Evidence.*—*Review.*—In an action under the federal Employers' Liability Act, the contention that, since the injured plaintiff had the burden of proof on the issue whether the train on which he was employed was being operated in interstate commerce, he cannot recover where the evidence on each issue was evenly balanced, is of no avail on appeal, since the Supreme Court will not weigh the evidence. p. 423.

5.  APPEAL. — *Excluding   Contradictory   Statement.* — *Effect.*—Where, on cross-examination, a witness for the plaintiff identified a written statement as one signed by him previously to the trial, and did not deny a statement therein that was contradictory to his testimony, but in effect admitted it, the exclusion of such written statement was not harmful to the defendant. p. 423.

6.  TRIAL.—*Defective   Pleading.*—*Cure   by   Evidence.*—*Instructions.*—Where, in a railway conductor's action for injuries under the federal Employers' Liability Act, the complaint stated only inferentially the essential fact that the plaintiff and the train upon which he worked were engaged in interstate commerce at the time of the injury, the court properly instructed that the plaintiff establish such fact, since under the statute a defective complaint may be cured by the evidence and will be deemed amended to conform to the evidence.   p. 424.

7.  MASTER   AND   SERVANT.—*Negligence   of   Servant.*—*Master's Liability.*—*Instructions.*—In a railway conductor's action for injuries under the federal Employers' Liability Act, where all the negligence charged related to the conduct of the engineer and the conductor of a train that collided with the train upon which the plaintiff was conductor, an instruction that, if the first named employes committed any of the acts of negligence charged which proximately caused the plaintiff's injury, the defendant would be liable, was not objectionable as imposing a liability on the defendant for negligent acts of such employes outside the scope of their employment.   p. 425.

8. TRIAL.—*Questions of Law or Fact.*—In a railway conductor's action for injuries under the federal Employers' Liability Act, an instruction permitting the jury to determine as a question of fact whether certain rules of the railroad company were in effect was error, such question being one of law. p. 426.

9. APPEAL.—*Invited Error.*—An appellant who tendered instructions containing the same error as a given instruction of which he complains is in no position to avail himself of the error. p. 426.

10. APPEAL.—*Erroneous Instruction.*—*Harmless Error.*—In a railway conductor's action for injuries, under the federal Employers' Liability Act, an instruction, though it improperly permitted the jury to decide as a fact whether the failure of certain employes to observe precautions prescribed by a rule of the company was negligence, was not prejudicial to the defendant where such instruction, in view of the evidence, was not more unfavorable than one would have been that stated the law correctly. p. 426.

11. DAMAGES.—*Loss of Leg.*—Where the plaintiff, who was thirty-six years of age, suffered injuries causing great pain, disqualifying him for the work in which he was engaged and necessitating an amputation of the leg below the knee and a second amputation above the knee when gangrene ensued, a verdict of $20,000 in an action for the injury was not excessive, there being no evidence showing his earning capacity in other employments. p. 428.

12. DAMAGES.—*Discretion as to Amount.*—The amount of damages to be awarded for pain and suffering rests largely in the discretion of the jury, there being no exact standard for determining the question. p. 428.

13. APPEAL.—*Reduction of Verdict.*—In an action for injuries, under the federal Employers' Liability Act, the court on appeal is without power to say that the verdict should have been reduced on account of contributory negligence, unless it can say that the plaintiff was guilty of contributory negligence as a matter of law. p. 429.

14. APPEAL.—*Verdict.*—*Presumption.*—Where, in a personal injury action under the federal Employers' Liability Act, contributory negligence under the evidence was a question of fact for the jury, the court on appeal cannot assume that the jury found the plaintiff guilty of contributory negligence, in order to reduce the amount of the recovery, but, on the contrary, will indulge every presumption in favor of the verdict. p. 429.

15. MASTER AND SERVANT.—*Injury to Servant.*—*Contributory Negligence.*—*Evidence.*—In an action under the federal Em-

ployers' Liability Act by a conductor for injuries sustained in a rear-end collision between freight trains, the Supreme Court cannot say as a matter of law that the plaintiff was guilty of contributory negligence for failing to require the rear brakeman to observe a certain rule relative to the guarding of the rear of the train, which rule applied only when the train was stopped, in view of evidence from which the jury could find that the train was kept moving.   p. 429.

16.   MASTER AND SERVANT.—*Contributory Negligence.*—*Ordinary Care.*—*Jury Question.*—In an action under the federal Employers' Liability Act by the plaintiff conductor for injuries sustained in a rear-end collision between freight trains, whether the conductor was guilty of contributory negligence in failing to observe rules relative to the dropping of fusees for the purpose of warning an approaching train was a question for the jury, where such rules were not specific, but permitted the trainmen, in the observance thereof, to exercise the care that men of ordinary prudence would use under the particular circumstances.   p. 430.

17.   MASTER AND SERVANT.—*Contributory Negligence.*—*Evidence.*—In an action under the federal Employers' Liability Act for injuries sustained by the plaintiff conductor in a rear-end collision between freight trains, the failure of the plaintiff to have a light burning in the cupola of the caboose did not constitute contributory negligence as a matter of law, under evidence showing that the light would not burn, that the plaintiff was using the caboose for the first time and had no previous knowledge of the defective condition of the light.   p. 431.

18.   DAMAGES. — *Future Suffering.* — *Recovery.*—*Instructions.*—In an action for injuries, an instruction, although subject to criticism in that it told the jury that it might consider future pain and suffering, if any "likely" to occur, was not so misleading as to be reversible error; the more accurate rule is to limit such recovery to such pain as the injured party is reasonably sure to suffer.   p. 431.

From the Gibson Circuit Court; *Simon L. Vandeveer,* Judge.

Action by Sylvanius E. Rutledge against William J. Jackson, receiver.   From a judgment for the plaintiff, the defendant appeals.   *Affirmed.*

*John E. Iglehart, Edwin Taylor, Eugene H. Iglehart* and *Embree & Embree,* for appellant.

*T. Morton McDonald, Robert W. Armstrong* and *Douglas Morris,* for appellee.

LAIRY, J.—Appellee recovered a judgment for $20,000 for personal injuries sustained by him as a result of a rear-end collision between two freight trains operated on a railroad of which appellant was receiver. At the time of the collision appellee was in the employ of appellant acting as conductor of extra train 901 running north from Seiffert to Terre Haute, and when about three-fourths of a mile north of Youngs, the train, of which appellee was conductor, was run into from the rear by the locomotive of regular train 362 operated by servants of appellant. Train 901 left Seiffert under a caution block, there being a train ahead in the same block designated as extra 961. As train 901 approached Youngs a red fusee dropped by the train ahead caused it to slow down till the signal burned out, after which it continued north until the collision occurred at a point about three-fourths of a mile north of Youngs. At the time train 901 slowed down for the red fusee it did not come to a full stop, but proceeded at the rate of three or four miles per hour until the fusee burned out, after which it proceeded north and was running from eight to ten miles per hour when train 362 came into collision with it from the rear. Train 362, which collided with the rear end of train 901, left Seiffert under a caution block which indicated that the block was not clear of other trains and that the train must proceed with caution.

The complaint proceeds on the theory that the servants of appellant in charge of train 362 were negligent in operating said train, under the conditions shown, at a dangerous rate of speed and in failing to look out for and observe the signal lights displayed on the rear end of the caboose of train 901, which negligence is alleged

to have been the proximate cause of the collision and the resulting injury to appellee.

The case was tried on the theory that the right of action was based on the federal Employer's Liability Act.

1. The sufficiency of the complaint to state a cause of action is not challenged. No demurrer addressed thereto was filed, and an attempt to challenge the sufficiency of a complaint by an independent assignment of error is now unavailing. §344 Burns 1914, Acts 1911 p. 415; *Gary, etc., R. Co.* v. *Gunn* (1915), 184 Ind. 306, 111 N. E. 183; *Hedekin Land, etc., Co.* v. *Campbell* (1916), 184 Ind. 643, 112 N. E. 97.

There is only one error well assigned, and that is that the trial court erred in overruling appellant's motion for a new trial.

The first question presented under the motion for a new trial is the sufficiency of the evidence to sustain the verdict. It is claimed by appellant that there

2. is a total want of evidence to show negligence on the part of the defendant below, and that the evidence shows without dispute that the collision was caused solely by the negligence of the plaintiff. Unless there is evidence to sustain negligence on the part of defendant, the verdict must necessarily fall regardless of any other consideration. In the absence of proof of negligence on the part of defendant, the presence or absence of contributory negligence on the part of plaintiff can have no bearing on the case. On the other hand, if negligence on the part of defendant is shown, it then becomes material to determine whether or not plaintiff was guilty of contributory negligence. At common law contributory negligence, when shown, had the effect of defeating a recovery, but under the statute on which this action is based it has no effect other than to diminish the damages recoverable. *Norfolk, etc., R. Co.* v. *Earnest* (1912), 229 U. S. 114, 33 Sup. Ct. 654, 57 L.

Ed. 1096, Ann. Cas. 1914C 172; *Second Employers' Liability Cases* (1911), 223 U. S. 1, 32 Sup. Ct. 169, 56 L. Ed. 327, 38 L. R. A. (N. S.) 44.

In disposing of the question here presented, the court may eliminate all evidence on the subject of contributory negligence and consider only the evidence bearing on the question of defendant's negligence. As constituting negligence appellee relies on the evidence showing the manner in which train 362 was operated by the servants of the receiver in charge, and especially the evidence in reference to the speed of such train immediately before the collision, and the failure of the engineer to observe the red lights on the rear of the caboose and to have his train under such control as to enable him to stop it in time to avoid a collision.

As bearing on this question, the evidence shows that train 362 left Seiffert under a yellow block. The evidence of trainmen showed that such a signal indicated the presence of a train ahead within the block and amounted to an instruction to run under control expecting to find a train ahead. There is a conflict in the evidence as to the speed at which train 362 was run from Seiffert to the place of the collision. The distance is about 8¾ miles. The train left Seiffert at 7:06, as shown by all the evidence and the evidence most favorable to appellee shows that the collision occurred at 7:20, while there is other evidence that it occurred at 7:28. To cover the distance in fourteen minutes the train would be required to run at an average speed of 37½ miles an hour, and to cover the distance in twenty-two minutes it would be required to average 23.8 miles an hour. There is evidence to show that the steam was shut off and the brakes set when the train was 600 feet south of the caboose and that when the fireman of the locomotive jumped off at a point 300 feet from the place of collision the train was

moving at the speed of fifteen miles an hour. There is also evidence that the red side-lights were showing on each side of the caboose, and that the track for a distance of one-half to three-fourths of a mile south of where the collision occurred is straight and without obstructions to the view. The engineer of train 362 testified that he saw a red light ahead after leaving Youngs but that he mistook it for a signal light at Honey Creek, which the evidence shows to be about twenty feet above the track. There is also testimony of railroad men as to the speed of the train and the distance within which it could have stopped under the conditions shown. It is true that there is evidence to show that the engineer in charge of train 362 saw no fusee on the track or other signals to indicate that the train ahead had been delayed or that it was running at slow speed, and rules of the company are in evidence which require the rear brakeman to give such warnings when the train is delayed and which require the conductor to see that the brakeman obeys the rule. The absence of burning fusees or other signals, as well as the absence of the light in the cupola of the caboose, if shown, were circumstances to be considered by the jury in connection with the other facts, conditions and circumstances disclosed by the evidence in deciding whether the engineer in charge of train 362 exercised the care and prudence that a man of ordinary judgment and prudence would have used under the circumstances. The jury decided this question adversely to appellant, and this verdict must stand on appeal unless this court can say that the facts disclosed by the evidence most favorable to appellee are of such a character that no reasonable inference of the negligence charged can be drawn therefrom. It cannot be said as a matter of law that the verdict, on the issue of appellant's negligence, is wholly unsupported by the evidence.

It is also claimed that the evidence is insufficient to show that the train on which appellee was employed was being operated in interstate commerce and that appellee was engaged in interstate commerce at the time the collision occurred; but, in the presentation of the matter, it is admitted that there is some evidence that there were cars in the train billed to Chicago, Illinois, and others to other points in that state. Appellant asserts that the evidence on the point is equally balanced and that appellee, having the burden of the issue, was not entitled to succeed under such a state of the evidence. Such an argument would be proper if presented to the jury whose province it is to weigh the evidence, or to the trial court when the sufficiency of the evidence is presented by a motion for a new trial; but it has no place on appeal where the court cannot consider the weight of the evidence.

H. F. Goad, who was the rear brakeman on train 901 on the night of the collision, was called by appellee as a witness, and stated as a part of his testimony that the light in the cupola of the caboose on that train was burning when the train left Seiffert, and that he was not able to state positively whether it was burning or not at the time of the accident. On cross-examination the witness was shown a written statement which he identified as a statement signed by him previous to the trial. On being examined concerning the statement, he said that he did not remember saying as part of the statement that the cupola light was not burning; but, if he did make such statement, his memory was then fresher than at the time of testifying. He was then asked the following question: "I read you now, 'the markers were lighted at Shelburn on that date, but I don't remember who lighted them, neither do I remember talking to Mr. Rutledge about them; the cupola light was not burning as

it had not been working for several days.' I will ask you now, if that wasn't the fact." In answer the witness said, "To the best of my knowledge, I believe it is. It was in bad shape, I won't say positive." As a part of appellant's case in chief, the whole statement consisting of four pages was offered in evidence for the purpose of impeaching the witness Goad. The court sustained an objection interposed on behalf of appellee and the statement was excluded. This ruling does not constitute reversible error. The witness on cross-examination did not deny making the statement in question, but practically admitted it. The matter was so fully before the jury that the exclusion of the written statement could not have harmed appellant.

Several instructions given by the court and objected to by appellant as erroneous are presented on appeal.

6.  By instruction No. 2 the court undertook to state to the jury the material facts essential to a recovery as charged in the second paragraph of complaint. The only objection offered relates to a statement in the instruction to the effect that the receiver was engaged in interstate commerce in the operation of a certain freight train which was then and there used for the transportation of freight between the states of Indiana and Illinois, and that on said day plaintiff, as the servant of defendant, was engaged as such servant in the operation of said train as conductor. Appellant asserts that the complaint does not directly allege, as required by the federal law, that appellee and the train of which he was conductor were at the time of his injury engaged in interstate commerce, but that such fact is stated only inferentially and by way of conclusion. Under the statutes of this state and the decisions of our courts, a defective complaint may be cured by the evidence and will be deemed amended to conform to the evidence. §700 Burns 1914, §658 R. S. 1881; *Vulcan*

*Iron, etc., Co.* v. *Electro, etc., Min. Co.* (1913), 54 Ind. App. 28, 36, 99 N. E. 429, 100 N. E. 307; *Noble* v. *Davison* (1911), 177 Ind. 19, 24, 96 N. E. 325. The courts have gone to the extent of holding that a pleading which wholly fails to allege a material fact necessary to a recovery may be cured by evidence of the omitted fact introduced without objection, and that on appeal the complaint will be deemed amended to conform to the evidence. If such were not the rule, evidence of such omitted fact might be introduced both *pro* and *con* on the theory that such fact was material to the issue, the question might be fairly submitted to the jury under proper instructions, and a verdict returned in accordance with the evidence, and yet the losing party on appeal would be entitled to a reversal on account of the defect in the complaint. The statute and the decisions cited are intended to guard against such a result. It was highly proper for the court to inform the jury that such fact must be established by a preponderance of the evidence to justify a verdict for plaintiff. This court has recently held an instruction to be erroneous which authorized a verdict for plaintiff on proof of all the material facts alleged in the complaint, where a fact essential to a recovery was entirely omitted from the complaint, and where the instruction passed on did not require, as a prerequisite to recovery, that the fact omitted should also be proved by a preponderance of the evidence. *Prudential Ins. Co.* v. *Ritchey* (1918), *ante* 157, 119 N. E. 369, 484.

Parker was the conductor and Fitzsimmons was the engineer of train 362. There was no error in that part of instruction No. 5 by which the jury was told that, if it found by a preponderance of the evidence that Parker or Fitzsimmons committed any of the acts of negligence charged in the complaint which operated as a proximate cause of appellee's injury, such

negligence would render the defendant liable. The negligence charged all related to the conduct of those employes in the management of the train and in the observance of signals. For their negligence in those respects the employer was liable under the statute. The instruction is not open to the objection that it imposes a liability on appellant for their negligent acts done outside the scope of their employment.

Objection is made to certain instructions given on the ground that they permitted the jury to determine as a matter of fact whether certain rules of the company introduced in evidence were in force and effect at the time of the collision. Under the evidence in this case no such question of fact was presented. It was for the court to say as a matter of law what rules were in force and effect, but, as appellant invited this error by tendering instructions having the same effect and containing the same vice, he is in no position to avail himself of the error. *Marion Trust Co.* v. *Robinson* (1915), 184 Ind. 291, 292, 110 N. E. 65.

Instruction No. 12 relates to certain rules of the company introduced in evidence relating to the means to be employed in protecting the rear end of a train when it is stopped or so delayed that there is danger that it may be overtaken. Rule 99 provides that the rear of the train shall be protected under certain conditions by the rear brakeman going back with stop signals a safe distance to secure full protection. He must at once place a torpedo on the rail and remain until recalled. The amendment provides that, as soon as a train stops, the rear brakeman must be on the ground ready to protect the rear end of the train, and where the train makes an unusual stop or is detained at a regular stop, he must go back at once and properly protect his train. It is apparent that this man-

ner of protecting the rear end of a train applies only when the train is stopped, as it would not be practical for the rear brakeman to go back and place torpedoes and remain until recalled when his train was constantly moving forward. In case the train is running slowly, another means of protecting the rear end is provided by dropping burning fusees to serve as warning signals to a train following. A red fusee in the track is a signal for the rear train to stop, and a yellow fusee is a signal to move slowly and with caution. These fusees burn about five minutes. As bearing on evidence of this character, the court instructed the jury, in substance, that if it found that more than one rule was in force respecting the manner of protecting the rear of the train by the rear brakeman, and if it found that the rear brakeman did the things required by one rule and omitted to do the things required by the other, it was for the jury to say as a question of fact whether, in omitting the precautions required by one rule and observing those provided by the other, such rear brakeman exercised ordinary care. The instruction is objected to on the ground that disobedience of an established rule is negligence as a matter of law, and should be so declared by the court, leaving it for the jury to say only whether the precautions prescribed by the rule were observed; and it is asserted that the instruction under consideration permits the jury to decide as a fact whether the failure to observe the precautions prescribed by a rule did, or did not, constitute negligence. The instruction cannot be approved; but under the evidence in this case it was not prejudicial to appellant. There is evidence to show that the train on which Goad was rear brakeman did not stop after it entered the block, and that it was at no time moving slower than three to four miles an hour. Under this state of the evidence, the jury might have been properly instructed

to the effect that, if it found that the train was at all times moving at such a rate of speed as made it impracticable to protect the rear by sending the rear brakeman back with stop signals and torpedoes as provided in rule 99, then the rule in so far as it prescribed those precautions had no application, and that a failure to observe such precautions would not constitute negligence. The instruction given was not more unfavorable to appellant than an instruction would have been which correctly stated the law. A judgment should not be reversed on account of error of this character.

The remaining question relates to the amount of damages awarded by the verdict. Appellant asserts that $20,000 is excessive in view of the nature and extent of appellee's injuries, and especially so in view of the fact, as claimed, that he was guilty of contributory negligence, which under the federal statute is to be given effect by diminishing the damages to be awarded. At the time of his injury appellee was a man about thirty-six years of age, earning $1,800 a year as a railroad conductor. The injury resulted in the loss of a leg, which was first amputated below the knee, after which gangrene ensued, necessitating a second amputation above the knee, which was performed thirty-three days after the injury. The evidence shows that he suffered great pain and that his vitality became so reduced from the effect of the gangrene and as a result of other injuries that the physicians in charge gave it as their opinion that he could not recover. The evidence further shows that, when appellee left the hospital after ten weeks, his hair was gray, and that before the accident his head was free from gray hairs. The loss of his limb disqualifies appellee for service as a trainman, and there is no evidence as to his earning capacity in other lines. The amount of damages to be awarded for pain and suffer-

ing cannot be measured by any exact standard, and for that reason it rests largely in the discretion of the jury. The attention of the court is called to a decision of the Supreme Court of the United States by which that court refused to disturb a judgment for $5,000 for pain and suffering endured by the deceased from the time of his injury to the time of his death, the period of time being approximately thirty minutes. The court said: "The award does seem large, but the power, and with it the duty and responsibility of dealing with this matter rested upon the courts below. It involves only a question of fact and is not open to reconsideration here." *St. Louis, etc., R. Co.* v. *Craft* (1914), 237 U. S. 648, 35 Sup. Ct. 704, 59 L. Ed. 1160. In view of the evidence in this case, the damages cannot be regarded so excessive as to require a reversal, unless the amount of damages awarded should have been reduced on account of contributory negligence on the part of appellee.

This court is without power to say that any deduction should have been made unless it can say that appellee was guilty of contributory negligence as a matter of law. If contributory negligence, under the evidence, was a question of fact for the jury, this court has no means of knowing from the record here what result the jury reached by such determination. Under such a state of the evidence, this court could not assume that the jury found appellee guilty of contributory negligence, but, on the contrary, every presumption would be indulged in favor of the verdict.

Under the evidence in this case, it cannot be said as a matter of law that appellee was guilty of contributory negligence. Appellant asserts that the evidence shows without dispute that the rear brakeman failed to comply with rule 99 and the amendment

thereto with reference to protecting the rear end of the train, and that under the rules it was the duty of appellee, as conductor, to see that the rear brakeman did obey this rule. Under the rule referred to, the failure of the conductor to require his rear brakeman to observe the rules with reference to guarding the rear of the train would be negligence on the part of the conductor. As we have seen, however, there was evidence from which the jury may have found that the train in charge of appellee was not stopped at any time after it entered the block, and that it was at all times running at such a rate of speed as to render it impracticable to guard the rear by sending the rear brakeman back with stop signals and torpedoes. If the jury so found, the provisions of the rule as to the specific precautions to be observed in case the train was stopped would have no application, and the failure to observe such precautions would not be negligence *per se.* The only other means provided for protecting the rear end of a train which is so delayed as to be in danger of being overtaken is by the use of fusees. A red fusee dropped on the track is a signal for a train following to stop, and a yellow fusee so dropped is a signal to proceed slowly and with caution expecting to find a train ahead. The attention of the court has not been called to any rule which prescribes specifically and definitely how these fusees shall be dropped as to time or distance. The rules do not provide that these fusees shall be dropped off at stated intervals of time or at stated distances apart on the track. Under such a state of the rules, no definite precautions were prescribed. It was left to the conductor and rear brakeman on the delayed train to exercise such judgment and care as a person of ordinary prudence would use in view of the speed of the delayed train and the dangers to be anticipated and the other

conditions and circumstances involved. The care required by the rules as to dropping fusees was the same as that exacted at common law, and is to be measured by the same standard. What is ordinary care under the facts and circumstances of a particular case is generally a question of fact for the jury. There was evidence to show that a yellow fusee was dropped about one mile back from the place where the collision occurred. Whether ordinary care required that a red fusee should have been dropped instead of a yellow one, or that other yellow fusees should have been dropped, presented a question of fact for the decision of the jury.

It is also claimed that appellee was negligent as a matter of law in failing to have a light in the cupola of his caboose. There is evidence to show that the cupola light was out of repair and would not burn, and that appellee was using the caboose for the first time on the day he was injured, and did not previously know of the defective condition of the light. In view of the law as stated and of the facts disclosed by the record, the court cannot declare as a matter of law that appellee was guilty of contributory negligence. The question of appellee's contributory negligence was one of fact for the jury, and, if the jury found from the evidence that he was free from negligence, and refused to abate his damages on that account, this court cannot disturb the verdict.

Objections are made to a number of instructions given by the court bearing on the measure of damages. Most of these objections are without merit. One instruction, however, is subject to criticism, in that it told the jury that it had a right in fixing the amount of damages to consider future pain and suffering, if any *likely* to occur. While it is regarded as more accurate to limit recovery for future suffering to

such pain as the injured party is reasonably sure to suffer, the court is of the opinion that the language used did not mislead the jury.

Judgment affirmed.

NOTE.—Reported in 122 N. E. 579. Comparison of negligence under the federal Employers' Liability Act, Ann. Cas. 1914C 175. Personal injuries: right to recover for future pain and suffering, 9 Ann. Cas. 1051; what is excessive verdict for injuries not resulting in death, 16 Ann. Cas. 8, Ann. Cas. 1913A 1361. See under (3) 26 Cyc 1444; (7) 26 Cyc 1502; (11) 17 C. J. 1075.