## LOCOMOTIVE ENGINEERS' MUTUAL LIFE AND ACCIDENT ASSOCIATION *v.* HIGGS ET AL.

[No. 10,902. Filed April 19, 1922. Rehearing denied June 30, 1922. Transfer denied March 27, 1923.]

1. APPEAL. — *Record.* — *Assignment of Error.* — *Sufficiency.* — *Causes Consolidated for Trial.*—Where ten cases involving identically the same issues of fact and law were by order consolidated for trial, and separate judgments in each case were rendered against defendant and in favor of each plaintiff, an appeal from the judgments in the consolidated actions without separate assignments of error in each case was not objectionable, and none of the appellees were prejudiced thereby. p. 433.

2. APPEAL.— *Review.*— *Consolidation of Actions for Trial.*— Where ten actions against the same defendant involved identically the same issues of law and fact, it was not reversible error for the trial court to consolidate the causes for trial, as defendant was not prejudiced by the consolidation. p. 434.

3. APPEAL.— *Review.*— *Ruling on Demurrer.*— *Memorandum.*— *Sufficiency.*—*Statutes.*—Under §344 Burns 1914, Acts 1911 p. 415, as to causes for demurrer, where a demurrer for want of facts was filed, and the memorandum specified merely that the "allegation of said several paragraphs of complaint show that plaintiff's action herein is prematurely brought," the memorandum was too indefinite to present for review defendant fraternal association's contention that the complaint was subject to demurrer for the reason members of the association were bound to exhaust all remedies within the association before appealing to the courts for relief, and the complaint failed to show that this was done. p. 436.

4. INSURANCE.—*Fraternal Insurance.*—*Expulsion of Members.*— *Right to Sue.*— *Statute.*— *Construction.*— A statute of Ohio, under which defendant fraternal insurance company was organized, providing that no member should commence any legal

428    APPELLATE COURT OF INDIANA,

Locomotive Engineers', etc., Assn. *v.* Higgs—79 Ind. App. 427.

proceedings against the association in any court until after he had exhausted all the resources provided in the constitution and by-laws of the association by appeals or otherwise, merely limits a member's right to sue to the courts of Ohio, but does not require him to exhaust his remedy within the order before resorting to the courts of another state; nor does the statute require a member of the association who was expelled from a labor organization, affiliation with which was necessary to membership in the association, to exhaust all the resources provided by the constitution of the labor organization to secure reinstatement therein, before bringing legal action against the insurance association when expelled therefrom because of loss of membership in such labor organization. p. 439.

5.  INSURANCE.—*Fraternal Insurance.—Right of Member to Resort to Court.—By-Laws.*—The mere fact that a member of a fraternal insurance society has the right of appeal to the tribunals of the organization does not, in the absence of agreement, abridge his right to resort to court. p. 442.

6.  INSURANCE.—*Fraternal Insurance.—Wrongful Cancellation of Certificate.—Liability for Damages.*—A member may recover damages for the wrongful cancellation of a benefit certificate, although the organization issuing the certificate is a purely fraternal insurance association with a representative lodge system of government not engaged in business for profit, and issuing only certificates of membership. p. 444.

7.  INSURANCE.— *Fraternal Insurance.— Wrongful Cancellation of Certificate.—Action for Damages.—Instructions.*—In an action against a fraternal insurance association for damages for the wrongful cancellation of a benefit certificate, an instruction that the contract of insurance was not a contract in the ordinary commercial sense, but was a mutual promise to pay the certificates of the members of the association, and that there could be no vested right in any provision of the contract that was not subject to, and controlled by, the duty of a member to pay the cost of his own insurance, for under no construction of such a mutual contract could plaintiff demand more than he was willing to give, *held* properly refused as being misleading and confusing. p. 446.

8.  INSURANCE.—*Fraternal Insurance.—Wrongful Cancellation of Certificate.—Action for Damages.—Instructions.—Applicability.*—In an action against a fraternal insurance association for damages for the wrongful cancellation of a benefit certificate, an instruction that, if a person ceased to be a member in good standing of a named labor organization, all liability on plaintiff's certificate thereby ceased without any action on the part of the association, *held* properly refused as being in-

applicable, plaintiff having been expelled from the labor organization, and not voluntarily surrendering membership therein. p. 446.

9. APPEAL.—*Briefs.*—*Questions Presented.*—*Points and Authorities.*—Questions presented in the argument in appellant's brief, but not in the points and authorities therein, cannot be reviewed on appeal. p. 447.

From Morgan Circuit Court; *Alfred M. Bain,* Judge.

Action by William H. Higgs and others against the Locomotive Engineers' Mutual Life and Accident Insurance Association. From a judgment for plaintiffs, the defendant appeals. *Affirmed.*

*Wilson S. Doan* and *James C. Mathews,* for appellant.

*S. D. Miller, F. C. Dailey, W. H. Thompson, Albert L. Rabb* and *J. E. Sedwick,* for appellees.

McMAHAN, J.—Appellant is a voluntary fraternal association incorporated under the laws of Ohio having a lodge system and representative form of government. It issues membership certificates which make provision for the payment of benefits upon the death or injury of its members. Appellee William H. Higgs became a member in appellant association in 1871, and was given a certificate of membership providing for a benefit of fifteen hundred dollars payable to said Higgs or certain beneficiaries named in the certificate. He was also at the same time given another like certificate calling for an additional fifteen hundred dollar benefit.

Appellees William H. Higgs and the other beneficiaries named in said certificates filed their complaint herein alleging that appellant had wrongfully suspended Mr. Higgs and wrongfully annulled his insurance and demanded judgment because of such alleged wrongful conduct. At the same time that the complaint of Higgs and others was filed, appellee Alexander E. Martin filed a complaint against appellant for damages

430    APPELLATE COURT OF INDIANA,

Locomotive Engineers', etc., Assn. *v*. Higgs—79 Ind. App. 427.

alleging that he had been admitted to membership in appellant association and that his certificates of membership and insurance had been wrongfully annulled and asking damages because of such annullment. Eight other like complaints were on the same day filed by eight separate sets of plaintiffs, the complaints in each case being identical with the complaints filed by Higgs and Martin except that the names of the plaintiffs and beneficiaries and the amounts of the benefits were different.

The Higgs complaint alleges that appellant was originally organized as an unincorporated fraternal beneficiary association in 1867, and continued as such until 1894, when it was incorporated under the laws of the State of Ohio; that since May, 1915, it had a by-law to the effect that no one could retain his membership therein unless he was a member in good standing in the Brotherhood of Locomotive Engineers, and in the event of a member being expelled from said Brotherhood he might retain his membership in appellant association for one year if he paid all assessments that might accrue against him during that year. A like by-law had been in force during all the time since the certificate of membership had been issued. The Brotherhood of Locomotive Engineers was an unincorporated society and for many years had maintained its principal office and place of business at Cleveland, Ohio, at which place Warren S. Stone, who was then and for many years had been the Grand Chief Engineer of said brotherhood, maintained his office; that appellant also maintained its principal office and place of business in said city; that Higgs became a member of said brotherhood in 1871, and was a member in good standing up to the time of the commencement of this action and belonged to Division 492 thereof, which was a local union subordinate to the brotherhood, the place of meeting of said local union being in the city of Indianapolis where most of its mem-

NOVEMBER TERM, 1922. 431

Locomotive Engineers', etc., Assn. *v.* Higgs—79 Ind. App. 427.

bers resided; that Higgs had never been expelled or suspended from said society, and at all times had complied with all the laws and regulations thereof. The beneficiary and membership certificates are made a part of the complaint. The complaint also alleges in detail the method of collecting and paying dues and assessments by the members; that on January 1, 1917, an assessment of $2.50 due and payable on or before January 21, 1917, was levied on each certificate held by Higgs, who on January 9, 1917, tendered the amount of said assessment to the secretary of Division 492, who, under the instructions of the officers of appellant residing at Cleveland, refused to accept said tender; that prior to January, 1917, one William Rother, a member of Division 492, was notified by his employer, the Cleveland, Cincinnati, Chicago and St. Louis Railway, to report in Washington, D. C., on a certain day; that Rother reported as directed, and on reaching Washington was called as a witness before the Interstate Commerce Commission, which was then investigating the question as to whether the commission would require various railroads to install electric headlights on their engines; that as such witness he testified to a certain disadvantage resulting from the use of such lights; that Warren S. Stone was present, heard this testimony, and became very much enraged at the testimony so given by Rother, and claimed that no member of the brotherhood had a right to testify to what he believed to be the truth, although required to do so by law, contrary to the wishes and desires of the brotherhood and its executive officers; that thereafter Stone caused charges to be preferred against Rother because he had so testified and not because he had testified falsely; said charges being preferred in Division 492 of which he was and is a member; that Rother was tried on said charges and acquitted, and that Higgs was present at such trial.

432    APPELLATE COURT OF INDIANA,

Locomotive Engineers', etc., Assn. *v.* Higgs—79 Ind. App. 427.

Soon after said trial Stone attempted to suspend Division 492; that Stone acting in collusion with the other Grand officers of said brotherhood was determined to drive Higgs and other members of Division 492 out of the brotherhood and to cause their membership to be forfeited, in violation of the constitution and by-laws of appellant association; that appellant had refused to accept the assessment due from Higgs upon the ground that he was no longer a member of appellant and had forfeited his benefit certificate and policies of insurance and had repudiated its contractual obligations to Higgs and demanding damages for the equitable and just value of the two certificates.

A demurrer having been overruled, appellant filed an answer in seven paragraphs and also a counterclaim, each of which being held bad on demurrer, appellant filed additional eighth and ninth paragraphs of answer, to which demurrers were also sustained and thereafter filed additional answers, being paragraphs 10, 11, 12 and 13, to each of which demurrers were filed and sustained, leaving no answer in the record except the first paragraph which was a general denial. The complaints, answers, and demurrers in each of the other cases, and the rulings on the several demurrers are the same in substance as in the Higgs case. After the issues in each case were closed, the plaintiffs in each case filed a motion asking that the several causes be consolidated for the purpose of the trial. This motion was sustained, to which appellant excepted. The cause was tried by jury, a separate verdict being returned against appellant on the issues presented by each of the ten complaints. The jury also answered and returned with their several verdicts certain interrogatories. The interrogatories and the answers thereto in each case were identical except as to names and amounts. Separate judgments were

rendered in favor of the respective plaintiffs, and a separate motion for a new trial was filed by appellant in each of the ten cases.

Appellant in this court assigns errors in all ten cases by one assignment of errors with ninety-five separate specifications and contends that the court erred in overruling the demurrers to the several complaints, in sustaining the several demurrers to each paragraph of the several answers other than the first which was a general denial, in consolidating the causes, and in overruling each of the ten separate motions for a new trial.

Appellees have filed a motion to dismiss the appeal on the ground that the assignment of errors filed by appellant presents no question for our consideration. 1. Appellees contend that the consolidation of the several causes was only for the purpose of trial, and that the trial court and the parties so considered it, and acted accordingly in that the jury was required to and did return separate verdicts in each of the ten causes, that appellant filed a motion in arrest and a motion for a new trial in each of the ten cases, and that ten separate judgments were rendered against appellant and in favor of each of the ten sets of plaintiffs.

The record in this appeal is out of the ordinary. The issues of fact and of law presented in the trial court in each of the ten cases were identical. And, while it is unusual to have ten complaints filed by that number of separate plaintiffs against one defendant consolidated even for the purpose of trial, we are of the opinion that, to say the least, the action of the court in consolidating the several causes did not amount to reversible error for reasons hereafter stated. The record filed in this court is voluminous, consisting of three volumes containing about 3,600 pages. The caption to the assignment of

. 434   APPELLATE COURT OF INDIANA,

Locomotive Engineers', etc., Assn. *v.* Higgs—79 Ind. App. 427.

errors is: "The Locomotive Engineers Mutual Life and Accident Insurance Association, Appellant, v. William H. Higgs, (naming also all others who were joint plaintiffs with Higgs) Appellees." Following is a like caption as to each of the other nine cases, appellant being in each instance designated as the appellant and the several sets of plaintiffs as appellees. Then follows the general statement:

"The appellant says there is manifest error in the judgments and proceedings in the above entitled causes prejudicial to appellant in said causes in this:" here follow the specifications. Three of them relate to the action of the court in overruling demurrers to the Higgs complaint. The next three assignments relate to the overruling of demurrers to the Martin complaint. Like specifications are made relative to the overruling of demurrers to the complaints of the remaining eight sets of plaintiffs. A like method is followed in assigning errors in sustaining demurrers to each paragraph of appellant's answers to the several complaints.

While it might have been quite as appropriate and proper for appellant to have filed separate assignments in each of the ten cases, we are of the opinion that under the circumstances the course pursued by appellant is not objectionable and that none of the appellees are prejudiced thereby. The motion to dismiss is therefore overruled.

Did the court commit reversible error in consolidating the several cases? There is no general statute in this state authorizing the consolidation of causes in the circuit court, but, as was said by this court in *Oldfather* v. *Zent* (1894), 11 Ind. App. 430, 432, 39 N. E. 221: "The power to consolidate causes, however, is one of the inherent powers of a court. A court should always be possessed of the power to make orders which will expedite its business, prevent costs

and a multiplicity of suits when one will answer all the purposes of justice."

In *Mutual Life Ins. Co.* v. *Hillmon* (1892), 145 U. S. 285, 12 Sup. Ct. 909, 36 L. Ed. 706, Mrs. Hillmon brought three separate suits against different insurance companies, as defendants, to recover on an insurance policy issued by each defendant on the life of her husband. The answer of each defendant denied the death of the insured, and alleged that he, together with others conspiring to defraud the defendant, procured the issuance of all the policies, and afterwards falsely represented that the insured was dead, and that a dead body which they had procured, was his, when in fact he was alive and hiding. Since it appeared to the trial court that the three actions were of like nature and relative to the same question, in order to avoid unnecessary cost and delay, it ordered the actions consolidated for trial. On appeal to the Supreme Court of the United States, it was held that the trial court had committed no error in consolidating the cases. The court in the course of its opinion said:

"The learning and research of counsel have produced no instance in this country, in which such an order, made in the exercise of the discretionary power of the court, unrestricted by statute, has been set aside on bill of exceptions or writ of error." The statute under which the case just cited was tried gave plaintiffs and defendants three peremptory challenges. The trial court, however, after consolidation, treated the three defendants the same as if they had been named in a single complaint and refused to allow each defendant three peremptory challenges. This was held reversible error, the court saying: "But, although the defendants might lawfully be compelled, at the discretion of the court, to try the cases together, the causes of action remained distinct, and require separate verdicts and judgments;

436    APPELLATE COURT OF INDIANA,

Locomotive Engineers', etc., Assn. *v.* Higgs—79 Ind. App. 427.

and no defendant could be deprived, without its consent, of any right material to its defense, whether by way of challenge to jurors, or of objections to evidence, to which it would have been entitled if the cases had been tried separately."

In *Cooper* v. *Maddan* (1844), 6 Ala. 431, in discussing the effect of a consolidation, it is said: "In such a case, if injury has resulted to the party objecting to it, it could doubtless be redressed on error. But it is difficult to conceive that any injurious consequences could flow from such an order in this case, nor indeed, how it could be otherwise than beneficial to both parties. It was the duty of the party objecting to the consolidation to show that it would in some way prejudice him, and in the absence of such suggestion, we must presume that no such obstacle exists to the exercise of the power."

Appellant does not appear to have been prejudiced in the least by the action of the trial court in ordering the consolidation and we hold there was no reversible error in the consolidation.

In order to avoid confusion, we will discuss the several questions as they relate to the action brought by William H. Higgs, without reference to the other actions unless otherwise noted.

The demurrer to each complaint was for want of facts. The only specification in the memorandum to which we need refer was that: "The allegations 3. of said several paragraphs of complaint show that plaintiff's action herein is prematurely brought." Appellant, in support of its contention that the action was prematurely brought, contends that the complaint is subject to demurrer for the reason that members of a fraternal benevolent insurance association must exhaust all remedies within the association before appealing to the courts for relief and that the complaint fails to show that this was done.

NOVEMBER TERM, 1922.    437

Locomotive Engineers', etc., Assn. *v.* Higgs—79 Ind. App. 427.

·Section 344 Burns 1914, Acts 1911 p. 415, provides that: "When a demurrer to any complaint is filed on the ground that the complaint does not state facts sufficient to constitute a cause of action, a memorandum shall be filed therewith stating wherein such pleading is insufficient for want of facts, and the party so demurring shall be deemed to have waived his right thereafter to question the same for any defect not so specified in such memorandum."

In *Stiles* v. *Hasler* (1914), 56 Ind. App. 88, 104 N. E. 878, the court held that we can only look to the memorandum for the purpose of determining whether reversible error is presented by the overruling of a demurrer, and, commenting on the statute, said: "The purpose and language of the statute requiring the demurrer to be accompanied with the memorandum furnishes a complete answer to this objection. Both the history of the passage of such act and its language necessitate the conclusion that by it the legislature intended to require that such memorandum should point out in clear, explicit and unambiguous language each particular insufficiency of the pleading demurred to, on which the demurring party relies; and, to permit him to cover up or conceal from the trial court by ambiguous or uncertain language or phraseclogy the objection intended to be urged and relied on in the appellate tribunal would be to defeat the intent and purpose of the law and make it a weapon by which appellate procedure would be complicated rather than simplified. *State, ex rel.* v. *Bartholomew* (1911), 176 Ind. 182, 95 N. E. 417." The above statement has been either quoted or approved in *Gillispie* v. *Darroch* (1915), 57 Ind. App. 482, 107 N. E. 475; *Blair Baker Horse Co.* v. *Railroad Transfer Co.* (1915), 59 Ind. App. 505, 108 N. E. 246; and *Spurgeon* v. *Olinger* (1917), 64 Ind. App. 176, 115 N. E. 680.

In *Blair Baker Horse Co.* v. *Railroad Transfer Co.,*

438 APPELLATE COURT OF INDIANA

Locomotive Engineers', etc., Assn. v. Higgs—79 Ind. App. 427.

*supra,* appellee filed its complaint for damages on account of an alleged breach of warranty in the sale of a horse. It was alleged that appellant was operating a horse market and sold a certain horse to appellee and warranted the same to be sound and healthy and that there was a breach of warranty. The memorandum filed with the demurrer was as follows: "First. The averments of the fourth paragraph of the complaint do not show such a warranty as under the facts alleged would make this defendant liable to the plaintiff. Second. The averments of the fourth paragraph of the complaint do not show that the plaintiff has done the things required of it in the premises. Third. The averments of the fourth paragraph of the complaint do not show facts disclosing any liability on the part of the defendant on account of any alleged warranty."

The court, after quoting from *Stiles* v. *Hasler, supra,* said: "Measured by the standard therein set out, the memorandum is insufficient to enlighten the court as to the specific objections urged to the complaint."

In *Grand Trunk, etc., R. Co.* v. *Thrift Trust Co.* (1917), 68 Ind. App. 198, 206, 115 N. E. 685, 687, it is said: "* * and a failure to point out in such memorandum any infirmity or omission in such pleading necessary to its sufficiency against demurrer on the theory upon which it proceeds operates as a waiver of such infirmity or omission, * * *."

In *Pittsburgh, etc., R. Co.* v. *Baughn* (1919), 70 Ind. App. 333, 123 N. E. 422, the objection to the complaint as stated in the memorandum was that: "No facts are alleged to show or showing the defendant guilty of actionable negligence." On appeal appellant claimed that the complaint failed to charge it with negligence because it failed to allege certain specific facts claimed to be necessary in order to show actionable negligence. It was there held that the memorandum stating the objection

NOVEMBER TERM, 1922.    439

Locomotive Engineers', etc., Assn. *v.* Higgs—79 Ind. App. 427.

to the complaint was too general and indefinite to present any question.

We hold the memorandum filed by appellant with its demurrer is too indefinite to show wherein the complaint is insufficient, as required by the statute.    The statement that the complaint shows that the action was "prematurely brought" is no more certain or definite than was the memorandum in the case last cited.    The objection here urged against the complaint does not appear to have been presented in the trial court, and for that reason cannot prevail on appeal.    *Prudential Ins. Co.* v. *Ritchey* (1918), 188 Ind. 157, 119 N. E. 369, 484; *Gary, etc., R. Co.* v. *Gunn* (1916), 184 Ind. 306, 111 N. E. 183. There was, therefore, no error in overruling the demurrer to the complaint.

The next contention is that the court erred in sustaining demurrers to the second, third, fourth, fifth and sixth paragraphs of answer, but there is no assignment challenging the correctness of such rulings.    The only ruling of the court in sustaining demurrers to the answer upon which any question is presented is the action of the court in sustaining a demurrer to the amended fourth paragraph of answer. In this paragraph of answer appellant alleges that it is a corporation organized as a fraternal beneficiary association, and, as such, issues insurance to its members and to no other persons; that it has a lodge system with ritualistic work and a representative form of government with supreme governing and legislative bodies and sustaining branches in which its members are elected and admitted in accordance with its constitution, laws, and regulations; that it was organized under the laws of the State of Ohio, and has at all times been a resident of and domiciled in said state; that appellee was a member of this organization and in order to be a member of appellant organization he must also be a member

440    APPELLATE COURT OF INDIANA,

Locomotive Engineers', etc., Assn. *v.* Higgs—79 Ind. App. 427.

of the Brotherhood of Locomotive Engineers, which is a voluntary labor organization domiciled and having its principal place of business in Ohio; that appellee was expelled from the Brotherhood at the home office in Ohio, which expulsion was in 1916; and that by reason of said expulsion appellee ceased to be a member of appellant society by virtue of §18 of the articles of association of appellant.

Said section provides that: "No person shall become a member of this Association or retain his membership therein, unless he is a member in good standing in the Brotherhood of Locomotive Engineers; but should a member be expelled from the Brotherhood of Locomotive Engineers he may retain his membership in this association for one year, provided he pays all assessments that may accrue against him during such term of expulsion; if not reinstated in the B. of L. E. his insurance will be cancelled at the expiration of one year from the date of such expulsion. Any member who takes a final withdrawal card forfeits his insurance at once, and shall be required to surrender all policies held by him."

It is further alleged that after said expulsion appellee had the right to appeal, provided the appeal was taken not less than thirty days before the convening of the Grand International Division of said brotherhood; that the next meeting of said Division following said expulsion was in May, 1918, the right of said appeal being given and provided for in §48 of the constitution of the brotherhood which is as follows: "All appealed cases, except cases of seniority, jurisdiction of territory and rights of runs, shall be forwarded to the Grand Office under seal of the Division of which the maker is a member not less than thirty days before the convention convenes. No appeal will be entertained unless they have complied with all the requirements of the law."

Locomotive Engineers', etc., Assn. *v.* Higgs—79 Ind. App. 427.

It is then alleged that the laws of the State of Ohio pursuant to which appellant was organized, provides that: "No member of the Association organized or operated under the provisions of this chapter or its beneficiary or his legal representatives or any other person in any way interested, in any of the benefits of any person claiming legal rights from him shall commence an action or other legal proceedings in any other courts of this state on account of his contract of insurance against the supreme governing body of this society until after he has exhausted all the resources provided in the constitution and laws of said association by appeals and otherwise that can be determined for the filing of profit and claim."

It is also alleged that said statute of Ohio was in force at all times since the organization of appellant, and that appellee at no time appealed or served notice of appeal to the Grand International Division of said brotherhood which met in May, 1918, and did not exhaust the resources provided in the constitution of said brotherhood for the purpose of determining his right as a member; and that by so neglecting he accepted his expulsion as final and that the court has no jurisdiction in the cause because appellee accepted such expulsion as final.

Appellant insists that the court erred in sustaining a demurrer to this answer for the reason that the statute of Ohio, under which appellant was organized, provides that no member of appellant association shall commence any action in any court until after he has exhausted all the resources provided in the constitution and laws of such association by appeal. This answer in effect confesses the allegations of the complaint and seeks to avoid them on the theory that appellee had a remedy given him by "the right of appeal from the decision of the Grand Chief Engineer," and that the statute of Ohio, under which appellant was organized, pro-

442    APPELLATE COURT OF INDIANA,

Locomotive Engineers', etc., Assn. *v.* Higgs—79 Ind. App. 427.

vided that no member or beneficiary interested should commence any legal proceedings in any court on account of his insurance contract until after he had exhausted all resources provided in the constitution and by-laws of appellant.

In considering the sufficiency of this paragraph of answer, we must accept the copy of the Ohio statute therein set out as correct, although we know as a matter of fact that it is not, as will be seen by comparing it with §9484 General Code of Ohio 1910. The statute above set out and relied upon by appellant relates to incorporated associations like appellant. It has no reference to voluntary associations like the Brotherhood of Locomotive Engineers, which are not organized or operated under the provisions of this statute. It does not require appellee to exhaust all resources provided for appeals in the Brotherhood of Locomotive Engineers. It simply requires that all resources provided for appeals in appellant association shall be exhausted before commencing an action in the courts of *Ohio*. There is no allegation in this paragraph of answer that all resources provided for appeal shall be exhausted before resorting to actions at law generally. Conceding that the statute forbids a member resorting to the courts of Ohio before exhausting his remedy by appeal from an order of expulsion, it does not require him to exhaust such remedy before resorting to the courts of any other state. This is an action against appellant insurance company, a corporation, and not against the Brotherhood of Locomotive Engineers, an unincorporated company.

It is not necessary for us to enter into an extended discussion of the right or power of a fraternal beneficiary society to require all rights to be settled by first appealing to the tribunals of such society before resorting to courts. It is sufficient to say

NOVEMBER TERM, 1922.           443

Locomotive Engineers', etc., Assn. *v.* Higgs—79 Ind. App. 427.

that the answer does not allege facts which can be deemed a surrender of appellee's right to enforce his contract in the usual method. The mere fact that there was a right of appeal does not, in the absence of an agreement, abridge the right of a party to resort to court. *Bauer* v. *Samson Lodge, etc.* (1885), 102 Ind. 262, 1 N. E. 571; *Voluntary Relief Department, etc.* v. *Spencer* (1897), 17 Ind. App. 123, 46 N. E. 477; *Supreme Lodge, etc.* v. *Andrews* (1903), 31 Ind. App. 422, 67 N. E. 1009.

The law upon this subject is thus stated in *Supreme Lodge* v. *Dey,* 58 Kans. 283, 49 Pac. 74: "Men do not lose their legal right to enforce their contracts, unless they yield it up by agreement. The provision that an aggrieved party may appeal is permissive; it does not wrest from him the right conferred upon him by law. If a man has a legal right, and the corporation of which he becomes a member adds another—that of appeal to its superior governing bodies—the added right is merely cumulative; it is not exclusive. Only positive words can take away an existing right. Conferring a right to pursue a given course does not destroy an existing right. In order to destroy such a right, proper limiting words must be employed. Here there are no limiting words. There is nothing that limits the general right to sue in courts; and a right such as this cannot be taken away without a clear agreement surrendering it."

There was no error in sustaining the demurrer to the amended fourth paragraph of the answer.

Appellant also contends that the court erred in refusing to give instructions Nos. 1 to 13 inclusive, tendered by it. Instruction No. 1 so tendered was to the effect that, if any member of appellant had a claim or grievance against it, it was the duty of such member to exhaust all remedies prescribed by the laws and constitution of the association and the laws of the "state under

444    APPELLATE COURT OF INDIANA,

Locomotive Engineers', etc., Assn. *v.* Higgs—79 Ind. App. 427.

whose charter the association transacts business before such person can appeal to the courts of the land;" and that, if appellee was expelled or suspended from appellant association and could have availed himself of appeal and have had such expulsion reviewed and had not availed himself of such remedies, a verdict should be for appellant. Instruction No. 2 was to the effect that, if appellee was a member of Local Division 492, and was suspended by reason of the charter of said division being suspended by order of Warren S. Stone, Grand Chief Engineer, and if appellee's right to insurance depended upon his remaining a member in good standing of said brotherhood, and if the action of Stone in suspending said charter was subject to review by appeal, and if appellee made no attempt to appeal, but sought his remedy by action in court, the verdict should have been for appellant. Both of these instructions as well as instructions Nos. 5, 6, 7, 8 and 10 made it obligatory upon appellee to exhaust all appeals and remedies within the order before he had the right to resort to an action at law. This is not the law in Indiana. *Bauer* v. *Samson Lodge, supra; Supreme Lodge* v. *Andrews, supra; Voluntary Relief Department, etc.* v. *Spencer, supra.* Appellant has failed to call our attention to any evidence which authorized or gave appellee a right to appeal from the order of expulsion, or which required him to appeal from such order of expulsion before resorting to court for relief. The only evidence which recognizes that there may be an appeal in any case is §48 of the constitution of the brotherhood which regulates appeals. It does not purport to give a right to appeal.

Instruction No. 3 tendered by appellant was fully covered by instruction No. 3 given by the court on its own motion. Instruction No. 4 was to the effect that, if appellant was a purely fraternal in-

surance association with a representative lodge system' of government not engaged in business for profit, issuing only certificates of membership, it could not be held liable in damages for the cancellation of appellee's insurance. Instruction No. 13 was to the effect that neither the member nor the beneficiary had a vested interest in the certificates of insurance prior to the death or injury of the member and that under the certificates of insurance no right existed against appellant until the disability or death of the member and then only the right to have assessments made upon other members in accordance with the laws of appellant association.

If these instructions correctly state the law, an association like appellant could arbitrarily cancel its certificates of membership and its contracts of insurance and the holders of such certificates and contracts would be without any remedy. We need cite no authorities in support of the statement that such is not the law. There was no error in refusing either of these instructions.

Instruction No. 9 was to the effect that, if the constitution and by-laws of appellant provided that no one should become a member of said association or retain his membership therein unless he was a member in good standing in the Brotherhood of Locomotive Engineers, and if, when admitted into membership in appellant association he was a member in good standing in said brotherhood, but that said brotherhood afterwards wrongfully suspended him by reason whereof he ceased to be a member of appellant association, the wrongful act, if any, was that of the brotherhood and not of appellant, and appellant could not be required to respond in damages for the wrongful act of another unless appellant itself participated in the doing of the wrongful act. This instruction was fully covered by instruction No. 5 given by the court.

Instruction No. 11, requested, was as follows: "In

446    APPELLATE COURT OF INDIANA,

Locomotive Engineers', etc., Assn. *v.* Higgs—79 Ind. App. 427.

considering the measure of damage, if any, you shall take into consideration the length of time the
7.   plaintiff has had the benefit of insurance and the cost thereof and to what extent he has received full consideration for his assessments which he has paid. You shall consider whether or not he has not received full consideration by being protected by insurance during such time as he was a member in good standing. The contract of insurance for the alleged breach of which this action is brought is not a contract in the ordinary commercial sense, but is a mutual promise to pay the certificates of the several members and there can be, and is, no vested right in any provision of the contract that is not subject to, and controlled by the duty of the member to pay the cost of his own insurance, for under no construction of such a mutual contract can plaintiff demand more than he is willing to give."

Waiving the contention of appellee that the expressions "you shall take into consideration" and "you shall consider" invaded the province of the jury, it is clear that the expression "for under no construction of such a mutual contract can plaintiff demand more than he is willing to give" is misleading and confusing for which reason the instruction was properly refused.

Instruction No. 12 tendered by appellant told the jury that, if a person "ceased to be a member in good standing in the Brotherhood of Locomotive Engineers
8.   * * * all liability on plaintiff's certificate thereby ceased without any action upon the part of defendant association." This instruction might have been applicable to a case where the party voluntarily ceased to be a member of the brotherhood, but not to a case like the present one where there was an expulsion or attempted expulsion. In a case of expulsion or attempted expulsion the liability of appellant did not

cease until one year thereafter if the member paid all assessments and dues levied against him during that time. The instruction was properly refused.

A large portion of that part of appellant's brief devoted to argument relates to instructions given in relation to the measure of damages, the admission of 9. certain evidence, and the sufficiency of the evidence to sustain the verdict. Appellant, however, has wholly failed to present any of these questions in that part of the brief devoted to "Points and Authorities." Such questions cannot be presented for the first time in argument. *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1906), 168 Ind. 438, 467, 78 N. E. 1033; *Albaugh Bros., etc., Co.* v. *Lynas* (1911), 47 Ind. App. 30, 93 N. E. 678.

In our discussion we have referred only to questions as they relate to the judgment in favor of appellee Higgs. The questions presented by appellant in this appeal from each of the other nine judgments are identical with those presented in relation to the Higgs' judgment, so that all we have heretofore said in relation to the Higgs' judgment applies with equal force to each of the other judgments. We hold that no reversible error has been shown as to any of the judgments from which this appeal is prosecuted.

Each of said judgments is therefore affirmed.